[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 458 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 459 
By the 49th section of the revised statutes, "of uses and trusts," (1 R.S. 728,) it is enacted, that "every disposition of lands, whether by deed or devise, "hereafter made, shall be directly to the person in whom the "right to the possession and profits shall be intended to be "invested, and not to any other, to the use of, or in trust for "such person; and if made to one or more persons, to the "use of, or in trust for another, no estate or interest, legal or "equitable, shall vest in the trustee." And by the 47th section, "every person who by virtue of any grant, assignment "or devise, now is, or hereafter shall be entitled to the "actual possession of lands and the receipt of the rents and "profits thereof, in law or in equity, shall be deemed to have "a legal estate therein of the same quality and duration, and "subject to the same conditions as his beneficial interest."
It was strenuously contended, that under these statutory provisions, Benjamin Cooper took no legal or equitable estate by Spaulding's deed to him, and therefore could give no mortgage. In other words, that the whole title passed by him without passingthrough him, to the wife of Fayette *Page 461 
Cooper, and therefore his mortgage was a nullity, because he had nothing to mortgage. This is specious, but, we think, not sound.
The parties to the deed and mortgage intended to create a trust estate in favor of Mrs. Fayette Cooper, that is to say, to give her a beneficial interest in fee, but on condition that the money mentioned in the mortgage should be paid. The deed, bond and mortgage prove this incontrovertibly, without reference to parol evidence. A deed and purchase money mortgage, given at the same time, are to be construed together as forming one instrument or contract. (1 Paige, 192, Lynde v. Budd.) The deed and mortgage were a single and indivisible bargain or contract of sale; and for the purpose of ascertaining the nature and extent of the beneficial interest intended to be granted to Mrs. Fayette Cooper, they are to be considered as if they were written in one instrument, executed at the same instant by both parties. For this purpose the defendant is not permitted to lay the mortgage out of view, and to look at the deed alone. They explain each other. (1 Sandf. Ch. Rep. 141, Farmer's Loan and TrustCompany v. The People.) By the mortgage, a condition was annexed to the grant, and whatever passed by the grant, passed subject to the condition. She took by virtue of the deed with the condition annexed; and took the same estate which Benjamin Cooper would have taken, if no trust had been expressed in the deed; that is to say, an estate in fee, subject to the payment of the mortgage money. Without the aid of the statute, Mrs. Cooper's interest would have been a right to the actual possession of the lands, and to the rents and profits thereof, subject, however, to the condition of paying the mortgage money; and the 47th section of the statute turned that right into a legal estate, "subjectto the "same condition." These are the words of the statute.
The defendant's argument is founded entirely on the language of the 49th section, which is, that if a deed be "made "to one or more persons, to the use of, or in trust for *Page 462 
"another, no estate or interest legal or equitable shall vest in "the trustee." But this section must be read in connexion with the 47th. Both together shew that the legislature intended to turn what would otherwise have been a passive trust, into a legal estate in the cestui que trust; and to make that legal estate commensurate in quality and duration, and subject to the same conditions, as the beneficial interest which the grantor intended the cestui que trust should have. The deed and mortgage together shew, that the grantor intended that Mrs. Cooper's beneficial interest should be subject to the mortgage. So therefore must her legal estate be. To give Mrs. Cooper the whole legal estate discharged of the condition annexed to the grant, would be a perversion of the manifest intention of the 47th section. It is not necessary to give it to her for the purpose of complying with the substantial meaning of the 49th section, which is, that the grantee in such a deed shall derive no advantage from the conveyance, and have no dominion over the property. Considering the deed and mortgage as parts of one and the same transaction, and executed at the same time, Benjamin Cooper, the trustee, may truly be said to have taken no interest, legal or equitable, under the conveyance in question.
The judgment of the supreme court should be affirmed.
Judges JEWETT, GARDINER, FOOT, GRAY, and PAIGE concurred.