In the Matter of FRIEDA GLASER, as Trustee under a Trust Made by HERBERT GLASER, Respondent. HERBERT P. GLASER et al., Respondents; HAROLD LEON et al., Appellants.

First Department, October 17, 1963.

*Howard L. Kuttner* of counsel (*Eugene S. Sugarman* with him on the brief; *Sugarman, Kuttner & Fuss,* attorneys), for appellants.

*Jeremiah F. Cross* of counsel (*Cross, Saver & O'Shea,* attorneys), for Frieda Glaser, respondent.

*Solomon P. Glushak* of counsel for Herbert P. Glaser and others, respondents.

*Per Curiam.* A trustee has brought this proceeding pursuant to article 79 of the Civil Practice Act for instructions in regard to the trust. The trust was created as part of a plan whereby Herbert Glaser and Harold Leon, equal partners in a partnership known as G. A. L. Electro-Mechanical Service, sought to provide for their respective families. Each of the partners created a trust with their respective wives as trustees and their children as beneficiaries. The *res* of each trust consisted of a 22½% interest in the partnership. Each of the donors retained a 27½% interest in the partnership. The two trustees were made partners and the trust instruments provided that the trustees might invest in a partnership business. To date, both trustees have continued the investment in the partnership. It has been markedly successful. Nevertheless, the beneficiaries of the Glaser trust have requested their mother to dispose of her interest in the partnership on the ground that it is illegal for her to continue the investment. She thereupon brought this proceeding for instructions, and Special Term has decided that the deed of trust does not authorize investment in the partnership, nor for her to be a partner, and directed her to withdraw such interest.

The donor of an *inter vivos* trust can make his gift in any form and subject to any conditions not contrary to law that he desires. While the instances in which a gift of a partnership interest with the concomitant that the trustee shall be a partner are comparatively rare, they are not unknown (*Matter of Bannin,* 142 App. Div. 436; *Matter of Gorra,* 135 Misc. 93). The question that is determinative as to the propriety of the trustee becoming a partner is whether the donor clearly so directed. Special Term recognized this and reached the conclusion that although the trust indenture authorized the trustee to invest in a partnership, it did not mention this particular partnership and so could

356

not constitute a direction to act as a partner. We reach a contrary conclusion. By familiar canons of interpretation, the two trust indentures and the partnership agreement, all simultaneously entered into, must be construed together. It is beyond cavil that they formed a single, integrated transaction. The gifts to the trustees of a substantial portion of the partnership interest, authorizing an investment of this character, and providing for its continuance by the execution of an agreement making the trustees partners, can admit of no other conclusion but that the trustees were directed and authorized to become partners.

The order below should be modified, on the facts and on the law, to the extent of vacating the directory provisions of the order and instructing the petitioner that she may maintain the investment and continue as a partner, and, as so modified, affirmed, with costs to respondents-appellants payable by respondents-respondents, not including respondent-respondent Herbert P. Glaser.

BREITEL, J. P., RABIN, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on February 6, 1963, unanimously modified, on the facts and on the law, to the extent of vacating the directory provisions of the order and instructing the petitioner that she may maintain the investment and continue as a partner, and, as so modified, affirmed, with $20 costs and disbursements to respondents-appellants payable by respondents-respondents, not including respondent-respondent Herbert P. Glaser. Settle order on notice.