GERTRUDE O'LAUGHLIN et al., Appellants, *v.* SALAMANCA HOSPITAL DISTRICT AUTHORITY, Respondent.

Fourth Department, February 18, 1971.

*Albert Averbach* for appellants.

*Hornburg, Diggs & Hornburg (Robert M. Diggs* of counsel), for respondent.

WITMER, J. In a notice of claim served upon defendant-respondent hospital on June 2, 1969 plaintiffs asserted that while

plaintiff Gertrude O'Laughlin was a patient in the hospital on March 15, 1969 in a confused and restless state, of which the hospital knew or should have known, she fell out of bed and sustained broken limbs and other injuries by reason of the negligence of the hospital in using defective restraints and improper and insufficient methods for her care. This claim was rejected by the hospital on June 17. It appears that following her fall in the hospital the latter treated her there for the injuries she sustained in the fall, until she was discharged on June 20, 1969. The instant action was begun by service of summons and complaint upon the hospital on June 5, 1970. Defendant moved at Special Term for dismissal of the action for failure to commence it within one year after its accrual as required by subdivision 2 of section 1777 of the Public Authorities Law; and it is from the order granting the motion that plaintiffs appeal.

Under subdivision 1 of section 1777 of the Public Authorities Law a claimant is barred from instituting action upon his claim for a period of 60 days after service of his demand upon which the action is founded. Hence, the parties agree that under subdivision 2 thereof and CPLR 204 (subd. [a]) plaintiffs had one year and 60 days after the accrual of the cause of action in which to serve their summons and complaint. It is also agreed that the summons and complaint were served on respondent hospital one year and 79 days after Gertrude O'Laughlin fell in the hospital, and that if it is determined that the cause of action "accrued" on that day, this action was not timely commenced and the order of Special Term was correctly made. In reliance on *Borgia* v. *City of New York* (12 N Y 2d 151) however, plaintiffs contend that the cause of action did not accrue earlier than June 20, 1969, the date of Gertrude's discharge from the hospital. If that be true, the parties are also in agreement that the action was timely commenced.

The New York courts have adopted the "continuous treatment" theory as "the fairer one" (*Borgia* v. *City of New York, supra,* p. 156), and in *Borgia* it was said (p. 155): "We hold that at least when the course of treatment which includes the wrongful acts or omissions has run continually and is related to the same original condition or complaint, the 'accrual' comes only at the end of the treatment". Thus, the language in *Borgia* indicates that to delay the accrual date of the cause of action for malpractice or negligence of a hospital, the continuing treatment must be of the same character as that giving rise to the cause of action. The breadth of the holding in that case is pointed up by Judge FROESSEL's dissent, summarizing the factual situation involved therein, in which he said (p. 160): "The instant case is

not one in which the malpractice consisted of failing to remove a foreign object from the patient's body, and thus constituted a continuing wrong so long as the patient remained under the defendant's care  *  *  *  nor  *  *  *  where the defendant improperly treated plaintiff throughout a continuous course of treatment for the initial ailment [citations].

" Here the infant was brought into the hospital for treatment of burns, which quickly healed.  In the course of that treatment, defendant was negligent in allowing the child to go into shock and sustain irreversible brain damage on the very night of his admission, and that gave rise to an immediate cause of action.  The infant's subsequent stay for the purpose of physiotherapy and rehabilitation can in no sense be deemed continuous treatment for burns, or a continuation of the original wrong or malpractice.  The permanent damage had already been done — the doctors were merely trying, in accordance with approved practice, to instruct the infant in a few simple techniques to alleviate in part the result of the serious damage already inflicted."

The notes in various law review articles which have reviewed the *Borgia* case confirm the conclusion of the dissenting opinion above quoted, that the court departed from the former requirement in New York that the continuing treatment be of the same character as that which gave rise to the cause of action (see 15 Syracuse L. Rev., 388, 389; 31 Fordham L. Rev., 842, 844; 37 St. John's L. Rev., 385, 390; 27 Albany L. Rev., 312; and see 47 Cornell L. Q., 339, 344–347).  In *Borgia* the court expressly stated (p. 156) that " It would be absurd to require a wronged patient to interrupt corrective efforts by serving a summons on a physician or hospital superintendent or by filing a notice of claim in the case of a city hospital."  Actually, in the case at bar claimant did serve her notice of claim upon the hospital while she was still a patient therein, and she was discharged therefrom three days after her claim was rejected.  The law review notes referred to suggest that the rule of the *Borgia* decision could lead to a denial of corrective aid from the physician or hospital charged with malpractice in order that the time for the Statute of Limitations to begin to run will not be deferred.

The case at bar falls precisely within the factual pattern of the *Borgia* case and we are therefore constrained and controlled thereby.  Here the plaintiff Gertrude O'Laughlin entered the hospital for treatment and by reason of the alleged negligence of the hospital she suffered injury.  In an effort to alleviate that injury the hospital treated her for over three months.  In neither *Borgia* nor the instant case was the treatment of the same (negligent) character as the original negligent act.  In *Borgia* there

were some additional negligent acts during the course of the treatment, but these were not related to the original injury (see p. 160).

Without doubt, in the usual negligence action the cause of action of a plaintiff injured in a fall would accrue on the day of such fall. In the case of the fall of plaintiff Gertrude O'Laughlin in respondent hospital, however, wherein respondent proceeded to treat her therein for three months for injuries she sustained in such fall, the holding in *Borgia* delayed the '' accrual '' of her cause of action until her discharge on June 20, 1969. Her action was, therefore, instituted within one year of its accrual as required by the statute; and the order dismissing it should be reversed and the motion for its dismissal should be denied.

GOLDMAN, P. J., DEL VECCHIO, MOULE and HENRY, JJ., concur.

Order unanimously reversed, with costs, and motion denied.