OPINION OF THE COURT
Fuchsberg, J.
Essentially, the issue on this appeal boils down to whether a trust provision in a conveyance of realty, in view of its passive nature, in legal and equitable contemplation vested all interests in the property in the settlor-trustee or in the cestuis que trust.
The trust with which we treat originated on October 1, 1974, when, pursuant to the instructions of John Gagliardi, who had. agreed to purchase a parcel of residential property on Pine Grove Avenue in Kingston, New York, the deed was made to run from the seller to “John Gagliardi *** in trust for Gigino and Maria Louijia Gagliardi, as tenants by the entirety.”*
Contemporaneously, as part of the closing, all three Gagliardis, John, Gigino and Maria, entered into a separate “lease agreement”. After expressly reciting that John, as Gigino’s uncle, was “interested in helping Gigino, his wife and children, secure proper and adequate living accomodations [sic]”, that John’s purchase of the premises for $30,000 was “in furtherance thereof” and that, but for the purchase, “the interest he otherwise would have earned” on his $30,000 was $187.50 per month, the agreement went on to provide that Gigino and Maria would occupy the property as tenants and, in return, would pay John $187.50 per month and assume all utility, tax, fuel oil and mainte *112 nance charges. Gigino and Maria thereafter took possession and fulfilled the terms of the agreement until John’s death some five years later.
The litigation which now brings the case to us began with an application to Surrogate’s Court by John’s executors for leave to sell the property in aid of their liquidation of his estate. Gigino countered with a motion, under SCPA 209 (subd 4), for an order construing the deed to be one which by operation of law vested title solely in his wife and him. On the estate’s motion for summary judgment, the court, deeming the “in trust for” verbiage “surplusage”, denied both motions and entered a decree which, as pertinent here, declared that, by the conveyance, John had acquired a half interest in the Pine Grove Avenue property as a tenant in common with Gigino and Maria, who, he added, at the same time had thereby come to hold the other half as tenants by the entirety.
For its part, the Appellate Division, on cross appeals, modified the decree by granting the estate’s motion and declaring that the deed had made John, and therefore ndw his estate, the sole owner of the property; it thus relegated Gigino and Maria to the role of tenants. This disposition was posited on a miscellany of theories. Most crucially, the court reasoned that the absence of “terms or conditions” for the governance of the trust meant that the fee had to pass to the grantee-trustee personally. Detouring on that basis from the trust issue altogether, and emphasizing that decedent had retained possession of the deed, it also decided that no transfer of indicia of ownership would support the creation of an enforceable gift. Moreover, choosing nevertheless to hypothesize that, even “if a trust could be considered to have been created”, John’s retention of “control over the res” constituted the trust, one which “was at all times revocable”.
On this further appeal by Gigino and Maria, while we, in turn, now uphold the result arrived at by the Appellate Division, we do so by way of a different analytical path.
Before entering it, however, we observe, preliminarily, that, since neither party raised any objection to the introduction of the lease agreement, we have no occasion to *113 consider or to decide any evidentiary issue regarding the effect of the law relating to integrated transactions or of the parol evidence rule as these otherwise would bear on the admissibility of the agreement (compare Restatement, Trusts 2d, §38, with Matter of Glaser, 14 NY2d 895, affg 19 AD2d 354, and Van Cott v Prentice, 104 NY 45, 55, and Rawson v Lampman, 5 NY 456). Accordingly, we here construe two documents, each of which we first examine separately.
The salient language of the deed, of course, is “John Gagliardi *** in trust for Gigino and Maria Louijia Gagliardi, as tenants by the entirety”. No other phrases, or even words, relate to the trust, neither by direct reference to “terms or conditions”, as the Appellate Division put it, nor by articulating duties delegated to the trustee, nor, for that matter, by reference to any other document which delineates either. It is well and long established that, in these circumstances, because the instrument allocates no functions to the trustee, a passive or naked trust is created. As distinguished from cases in which, for instance, a trust has failed for uncertainty as to the nature of duties actually assigned to a trustee (see Bogert, Trusts and Trustees [2d ed], § 206, p 35), so long as identity of the beneficiary is clear, a passive trust automatically is executed by vesting the entire interest in the res in the cestui que trust.
This but recognizes the latter as both the legal and equitable owner of the trust estate. The original policy-laden English Statute of Uses, the model for most American and statutory law on the subject, for all practical purposes did the same. In this spirit, EPTL 7-1.2 explicitly states that “[e]very disposition of property shall be made directly to the person in whom the right to possession and income is intended to be vested and not to another in trust for such person, and if made to any person in trust for another, no estate, legal or equitable, vests in the trustee” (see Bogert, Trusts and Trustees [2d ed], § 206, pp 34-36; §207, p 44).
Hence, on its face the deed in the present case, in isolation, conveyed neither the legal nor the equitable interests in the property to John Gagliardi, but, instead, vested both in Gigino and Maria as tenants by the entirety *114 (EPTL 7-1.1, 7-1.2; see Matter of Fischer, 307 NY 149; Rawson v Lampman, supra; Restatement, Trusts 2d, §§ 67-69).
It follows that, contrary to the contentions of the executors and the conclusions of both courts below, the deed on its own did not vest the fee in John as an individual. The opposite assertions simply misread cases which say no more than that, where the name of a person is followed simply by a bald reference to his title or office, these are but descriptio personae rather than indication of intent to focus on the individual’s representative capacity. Not to be confused is the case in which, as in the one before us now, the descriptive title, here “trustee”, is further defined by specifying the names of the beneficiaries for whom John was to act (see Werner v Wheeler, 142 App Div 358; Pfeiffer v Rheinfrank, 2 App Div 574; cf. Rawson v Lampman, supra; Ann., 137 ALR 460).
All this said, however, the fact is that the conveyance here does not stand alone. Though the deed, in its legal characteristics, portrays a classical picture of nonretention by the settlor-trustee of any beneficial interest in the property, the situation EPTL 7-1.1 and 7-1.2 were designed to reach, the “lease agreement” tells a different tale. Though John indubitably was motivated by generosity and familial ties, these apparently had their limits. For example, the lease unreservedly treats John as owner and lessor and refers to Gigino and Maria as “tenants”. And, most important, an obligation is undertaken to pay rent to John. This presents more than a conflict between the legal relationships spelled out in the two documents. It preserves a beneficial interest in John and, as such, takes the transaction out of the class of those in which “the right to possession and income” is merged (EPTL 7-1.2; King v Townshend, 141 NY 358, 363-364).
True, as urged upon us by the estate, John may have thought the two instruments were creating a “Totten trust” of real property — a trust which he could revoke if untoward contingencies became realities, but which otherwise, at his death, would indefeasibly vest in Gigino and Maria. Indeed, perhaps that is what the Appellate Division had in mind when it spoke of “control over the res”. The *115 leasehold rent then would simply have been John’s method of earning the “interest he otherwise would have earned” on the purchase price. But all this is simply hypothesis. The creation of a trust requires that there be a clear intent (Matter of Gilbert, 39 NY2d 663, 666; Restatement, Trusts 2d, §§ 23-24). Here, instead, reading the two documents as one, at best there is ambiguity and equivocation. It, therefore, cannot be said that a trust was intended.
Moreover, were it clear that John did intend to create a “Totten trust” in the property, we could not give it effect because it then would have to be treated as a testamentary transfer which failed to comply with the formal requisites of the so-called “Statute of Wills” (see EPTL 3-2.1; Butler v Sherwood, 233 NY 655, affg 196 App Div 603). In addition, a “Totten trust”, “A deposit by one person of his own money, in his own name as trustee for another [which], standing alone, does not establish an irrevocable trust during the lifetime of the depositor” (Matter of Totten, 179 NY 112, 125-126), is, as this definition indicates, generally understood to cover only bank deposits of funds (see EPTL 7-5.2; see, generally, 10 Am Jur 2d, Banks, §§392-394).
In fine, no trust relationship of any sort having been created by the deed and lease when read in combination, Gigino and Maria’s rights to the property are governed by the lease agreement and by no more.
For all these reasons, the order of the Appellate Division should be affirmed, with costs to all parties payable out of the estate.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Meyer concur; Judge Jones taking no part.
Order affirmed, with costs to all parties appearing separately and filing separate briefs payable out of the estate.

 Since, concededly, the seller of the property had no other interest except to follow the purchaser’s instructions as to the delivery of title, we assume, without otherwise deciding, that, in the context of this case, John Gagliardi was both settlor and trustee.