■ ESTER LA BAY, Appellant, v WHITE PLAINS HOSPITAL et al., Respondents. — In a medical malpractice action, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 10, 1983, which, upon granting defendants' motion, dismissed the complaint as barred by the Statute of Limitations. Judgment reversed, with one bill of costs, and complaint reinstated. We hold that, as a matter of law, the defendant hospital was timely served in view of its continuous treatment of plaintiff for the injuries suffered by her after her fall (Borgia v City of New York, 12 NY2d 151; McDermott v Torre, 56 NY2d 399; O'Laughlin v Salamanca Hosp. Dist. Auth., 36 AD2d 51). The fact that she may have been aware of the alleged tort and its results on the day of the fall did not deprive her of the tolling protection of the continuous treatment doctrine (McDermott v Torre, supra, p 407). We further

hold that although the defendant physicians were served more than three years after plaintiff was discharged from the hospital, service was timely made on them. This is because, as a matter of law, there was a unity of interest between them and the hospital, since if the physicians were held not liable the hospital would escape vicarious liability for their negligence (see *Connell v Hayden,* 83 AD2d 30, 48-59). Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.