OPINION OF THE COURT
Robert L. Estes, J.
The plaintiff in this proceeding to foreclose pursuant to a mortgage of real property seeks to strike the third affirmative defense interposed by the answer of the mother and guardian of three infant defendants, on the grounds that the defense has no merit. The mortgagor is the father of the three infant defendants. The defense in question asserts that the complaint must be dismissed, because deeds made by the father named him as *92 grantee of the premises in trust for the three infant children, thereby creating an interest held by the children which could not thereafter be mortgaged without a court order pursuant to the Real Property Actions and Proceedings Law.
The plaintiff’s attack goes to the merits of the defense, and both parties have provided the court with affidavits and other evidence directed at the merits. Under such circumstances, the court must draw all reasonable inferences in favor of the defense, when determining the motion. (Siegel, NY Prac § 269, at 327.) Both parties have referred to a written “trust agreement” made between the mortgagor as father and natural guardian of the infant defendants and himself as trustee, made May 26, 1983 by and under the laws of the State of New York.
The focus of the dispute is on two deeds. The first is a warranty deed made December 22,1975 and recorded December 30, 1975, which names “Earl Conrow” as party of the first part and names “Earl Conrow * * * in trust for his children, Earl Mark Conrow, Lou Ann Conrow, and Jude Conrow * * * said trust not being in writing and in the sole and absolute discretion of Earl Conrow” as party of the second part. The habendum clause in such deed states that the conveyance is made to the grantee “To have and to hold the premises herein granted unto the party of the second part, his heirs and assigns forever, and said Earl Conrow does specifically reserve to himself, personally, the right to sell, mortgage and convey the aforedescribed premises and to use and dispose of the proceeds thereof, during his lifetime.” The deed is otherwise silent concerning any purpose of a trust or any powers of a trustee.
The second deed is dated May 26, 1983 and was recorded simultaneously with the recording of the mortgage sought to be foreclosed, both having been indexed by the clerk at 11:20 a.m. that day. The second deed is a bargain and sale deed, and names “Earl Conrow, in trust for his children, Earl Mark Conrow, Lou Ann Conrow and Jude Conrow, said trust not being in writing and in the sole and absolute discretion of Earl Conrow” as party of the first part and “Earl Conrow in trust for his children, Earl Mark Conrow, Lou Ann Conrow and Jude Conrow” as party of the second part. This second deed contains the following recital:
, “The said Earl Conrow does specifically reserve to himself, personally the right to sell, mortgage, and convey the aforedescribed premises and to use and dispose of the proceeds thereof, during his lifetime.
“This deed is given to correct the name of the grantee in deed from Earl Conrow to Earl Conrow in trust for his children Earl *93 Mark Conrow, Lou Ann Conrow and Jude Conrow, said trust not being in writing and in the sole and absolute discretion of Earl Conrow, which deed is dated December 22,1975 and recorded in Liber 560 at page 433.”
The only significant difference between the first deed and the second deed is that the rights reserved to Earl Conrow personally to sell, mortgage and convey the premises and use and dispose of the proceeds thereof during his life is that in the first deed, the reservation is contained in the habendum clause, whereas in the second deed, it is contained in the description of the estate conveyed by the deed.
Additionally, the so-called “trust agreement”, which was relied upon by both parties upon this motion and which has been considered by the court as part of the evidence in support of and in opposition to the motion, contains an express provision at paragraph second reserving to the father personally the right of disposition of the premises in question during his lifetime. Moreover, the crucial first provision of the purported “trust agreement” is self-contradictory. After stating that the property is accepted by the father as trustee “for the benefit” of the children, it then goes on to say that the sole and exclusive “trust” and purpose of the acceptance was to receive the rents, issues, income and profits from the property and to pay or transfer to or for the benefit of the “donor” (the father, himself) as much of the principal and income as the father as trustee may deem necessary in his sole and absolute discretion.
The mother argues on behalf of her children that the deeds by the father to the father created a passive trust under common law and pursuant to EPTL 7-1.2. Her argument must be rejected, whether or not the court makes reference to the “trust agreement”. Unlike the conveyance in Matter of Gagliardi (55 NY2d 109), neither deed in the present case, standing alone, is the kind of deed addressed by EPTL 7-1.2. Neither deed portrays “a classical picture of nonretention by the settlor-trustee of any beneficial interest in the property, the situation EPTL 7-1.1 and 7-1.2 were designed to reach” (supra, at p 114). Instead, each deed clearly evidences retention of full power in the settlortrustee to dispose of the property and to use and dispose of the proceeds thereof during his lifetime. This distinction alone removes this deed from the purview of EPTL 7-1.2. This merely means that neither EPTL 7-1.2 nor common law operates upon either the first deed or the second deed to vest title in the children.
*94 Nevertheless, the infant defendants’ argument does not depend alone upon their having sole title to the property. Construed most liberally and favorably in their favor, the defense asserts simply that their father’s intention as manifested by the deeds and “trust agreement” was to create some interest in the real property which could not be mortgaged by the father without an order of the court obtained pursuant to the Real Property Actions and Proceedings Law.
The clearly apparent fact which emerges from both deeds and the “trust agreement” is that Earl Conrow intended to retain, among other things, the right to mortgage the property during his lifetime, for his own personal benefit. There is nothing equivocal or ambiguous in any of the documents which might, under any construction, lead to a contrary inference.
On the other hand, both deeds and “trust agreement” are fraught with ambiguity and equivocation concerning the interest in the real property, if any, which Earl Conrow intended to convey to the children. Unfortunately for the children, the creation of a trust requires that there be a clear intent. (Matter of Gilbert, 39 NY2d 663, 666; Restatement [Second] of Trusts §§23-24 [both cited in Matter of Gagliardi, 55 NY2d 109, 115, supra].) No such intent clearly emerges from the documents here.
The court holds that the instruments made by Earl Conrow did not create any interest of real property in the children which would require a court order as a prerequisite to a mortgage by Earl Conrow of the premises. A contrary result would do violence both to the expressed intention of Earl Conrow as clearly embodied in the documents themselves, and to the actions of Earl Conrow in creating those documents. The second deed, the “trust agreement” and the mortgage were all executed by Earl Conrow on the same date, and the mortgage and second deed were simultaneously recorded. It is inconceivable that a person would at once create an estate forbidden to be mortgaged except by court order, and mortgage that same estate. The motion will be granted, without costs.