■ BASIL PELLEGRINO et al., Respondents, v MILLARD FILLMORE HOSPITAL et al., Defendants, and WILLIAM K. MAJOR, JR., Appellant.

Defendants answered the complaint and pleaded, among other defenses, the affirmative defense of Statute of Limitations. Plaintiff moved to strike this affirmative defense, asserting that he was treated continuously by defendants following surgery until August 6, 1981, and thus his action was timely. In support of his motion, plaintiff submitted a statement of services received from defendant Cardio-Thoracic Associates of Western New York, P. C., indicating a final visit to and services from the corporation on August 6, 1981. The statement does not indicate which physician treated plaintiff on that date or on any of the many earlier dates listed on the statement. The court granted the motion and dismissed the affirmative defenses of the Statute of Limitations. Only defendant Majors has appealed, arguing that a question of fact was presented regarding the final date of his treatment of plaintiff, and that treatment of plaintiff by another physician in the same professional corporation cannot be imputed to him for purposes of establishing his continuous treatment of plaintiff. We agree.

On a motion to dismiss a defense, all reasonable inferences are to be drawn in favor of the defense *(Campanello v Conrow,* 127 Misc 2d 91, 92; Siegel, NY Prac § 269, at 327). "If there is doubt as to the availability of a defense, it should not be dismissed" *(Duboff v Board of Higher Educ.,* 34 AD2d 824). Recently, the Court of Appeals has held that the fact that a "physician is a shareholder, officer or employee of a professional service corporation does not make him vicariously liable for the malpractice of another doctor who is an officer, director and employee of the corporation" *(Hill v St. Clare's Hosp.,* 67 NY2d 72, 79, citing *Connell v Hayden,* 83 AD2d 30, 49-59; Business Corporation Law § 1505 [a]; *see also, Kavanaugh v Nussbaum,* 71 NY2d 535). The mere fact that Dr. Major was a member of the professional corporation, without more information, is not sufficient to toll the statute against him. Although the statute may, indeed, be tolled against him if plaintiff can show that Major personally treated him after the date of surgery or actively consulted on the case with the treating physician, plaintiff failed to submit sufficient evidence in support of his motion to dismiss the Statute of Limitations defense to entitle him to judgment as a matter of law. (Appeal from order of Supreme Court, Erie County, Bayger, J.—strike

defenses.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.