■ VERNON BRADT et al., Appellants, v JOHN H. HAMEL, Respondent, et al., Defendants. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: An action for medical malpractice must be commenced within 2½ years

from the act, omission or failure complained of or 2½ years from the "last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). The last date that plaintiff saw defendant Dr. Hamel was sometime in March 1979. Thus, the action against him, commenced in November 1985, is time barred and the complaint against him must be dismissed.

Plaintiff's argument that his continuous treatment by the professional corporation of which Dr. Hamel was a former member is sufficient to toll the Statute of Limitations is unavailing. The fact that a "physician is a shareholder, officer or employee of a professional service corporation does not make him vicariously liable for the malpractice of another doctor who is an officer, director and employee of the corporation" (Hill v St. Clare's Hosp., 67 NY2d 72, 79, citing Connell v Hayden, 83 AD2d 30, 49-59; Business Corporation Law § 1505 [a]; see also, Pellegrino v Fillmore Hosp., 140 AD2d 954).

A different result obtains, however, in plaintiff's action against the professional corporation, Hamel & Bernstein, P. C. In 1979, after Dr. Hamel retired from the practice of medicine, defendant Dr. Bernstein caused a certificate of change of name of the corporation to be filed with the State (i.e., Arthur R. Bernstein, M.D., P. C.) and treatment of plaintiff continued until January 1984. No certificate of dissolution of the corporation Hamel & Bernstein, P. C. was ever filed. The change of name of the corporation did not affect plaintiff's cause of action against the corporation, and by service of a summons and complaint on the corporation in November 1985 plaintiff acquired personal jurisdiction over this defendant. (Appeal from order of Supreme Court, Onondaga County, Mordue, J.—dismiss complaint.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.