■ DAVID JANISCH, Individually and as Executor of KAREN R. JANISCH, Deceased, Respondent, v MURRAY S. HOWLAND, JR., et al., Defendants, and JOHN P. KELLY, Individually and as Member of Buffalo Medical Group, Appellant.—Order unanimously reversed on the law without costs and defendant Kelly's motion granted. Memorandum: An action for medical malpractice must be commenced within 2½ years from the act, omission or failure complained of, or 2½ years from the "last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a). The last date that decedent saw defendant Dr. Kelly was May 10, 1982. Thus, the action commenced against him on March 20, 1985 is time barred and the complaint against him must be dismissed.

Plaintiff's contention that continuous treatment by defen-

dant Dr. Howland is sufficient to toll the Statute of Limitations against Dr. Kelly is without merit. The continuous treatment doctrine is not available here because there has been no showing that Howland (primary physician) and Kelly (diagnosing physician) were agents of each other or that there was a continuing relevant relationship between the two doctors or between decedent and Kelly (see, *Ruane v Niagara Falls Mem. Med. Center*, 60 NY2d 908; *McDermott v Torre*, 56 NY2d 399; *Swartz v Karlan*, 107 AD2d 801; *La Bay v White Plains Hosp.*, 97 AD2d 432; *Florio v Cook*, 65 AD2d 548, *affd* 48 NY2d 792). The fact that Howland and Kelly were members, employees, and shareholders of the Buffalo Medical Group did not make each the agent of the other and thus vicariously liable for the malpractice of the other (see, *Hill v St. Clare's Hosp.*, 67 NY2d 72; *Bradt v Hamel*, 144 AD2d 921; *Pellegrino v Fillmore Hosp.*, 140 AD2d 954). Howland's continued reliance on Kelly's diagnosis is insufficient, in and of itself, to establish a continuing relevant relationship so as to toll the Statute of Limitations against Kelly (see, *Damsker v Berger*, 123 AD2d 343). (Appeal from order of Supreme Court, Erie County, Gossel, J.—summary judgment.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.