■ PATRICIA POLOKOFF, Appellant, v MARTIN S. PALMER et al., Respondents.—Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered September 17, 1991 in Orange County, which granted defendants' cross motion for summary judgment dismissing the complaint against defendant Bernard Luck.

Plaintiff sued defendants on May 11, 1987 for medical malpractice alleging that defendants failed to diagnose and treat the condition of condyloma acuminata (genital warts) during the course of her treatment with them commencing in June 1983 and continuing until September 1986, resulting in severe disfigurement and permanent injuries to her. Defendant Bernard Luck cross-moved for summary judgment dis-

missing plaintiff's complaint based on the defense of the Statute of Limitations. Luck contended that his treatment of plaintiff ended more than 2½ years before the action was commenced. Luck alleged that as a member of a professional corporation with defendant Martin S. Palmer, he is not vicariously liable for Palmer's treatment of plaintiff which occurred within the 2½-year period before suit was commenced. Supreme Court granted summary judgment to Luck.

On this appeal plaintiff contends that the continuous treatment exception is applicable to her cause of action against Luck, and that the Statute of Limitations was tolled as to Luck until 1986 when plaintiff ceased treatment with Palmer and Luck.

The fact that a physician is a shareholder, officer or employee of a professional service corporation does not make him vicariously liable for the malpractice of another doctor who is an officer, director or employee of the corporation *(Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *see,* Business Corporation Law § 1505 [a]; *Connell v Hayden,* 83 AD2d 30, 49-59). For plaintiff to prevail against Luck, she must show that the two doctors were agents of each other or that there was a continuing relevant relationship between them regarding plaintiff or between plaintiff and Luck *(see, Ruane v Niagara Falls Mem. Med. Ctr.,* 60 NY2d 908). The fact that Palmer and Luck practiced medicine as a professional corporation rather than as a group practice or partnership is not determinative of the question of whether the Statute of Limitations should be tolled *(see, Watkins v Fromm,* 108 AD2d 233, 241).

Plaintiff avers that Luck assisted Palmer in performing a hysterectomy on her in January 1984. She alleges that she had a "bump" or growth on her vagina of which she complained to both doctors before surgery, requesting that it be removed during the hysterectomy. The office records regarding plaintiff contain a laboratory report from another doctor, predating the hysterectomy, which indicated that plaintiff had the condition of condyloma acuminata at that time. The record shows that Palmer was aware of the report. Plaintiff further swears that Luck examined her twice postoperatively on January 16, 1984 and February 15, 1984 and failed to perceive the condition of condyloma acuminata. Plaintiff continued to be treated by Palmer on subsequent occasions. On September 3, 1986 Luck examined plaintiff and did make a diagnosis of condyloma acuminata. Plaintiff was referred by him to a physician-dermatologist for a consultation. The 1986 visit concluded her treatment with both Palmer and Luck.

Based on the record, we conclude that there is a question of fact as to whether plaintiff was a patient of the practice and whether she was jointly treated by the physicians so as to preclude summary judgment in Luck's favor *(see, Ryan v Kountz,* 114 AD2d 358; *see also, McKinney v Bay Ridge Med. Group,* 126 AD2d 711; *cf., Janisch v Howland,* 163 AD2d 821; *Bradt v Hamel,* 144 AD2d 921, *lv denied* 76 NY2d 713). We do not hold that Luck is vicariously liable for the acts of Palmer, but rather that his liability will be determined "in accordance with substantive principles of law" *(Watkins v Fromm,* 108 AD2d 233, 242, *supra).* Our decision is limited strictly to the issue of the tolling of the Statute of Limitations *(cf., Connell v Hayden,* 83 AD2d 30, *supra; Scher v Kronman,* 70 AD2d 354).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and cross motion denied.