DOROTHY M. WARD et al., Appellants, v SARANAC LAKE FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.

Third Department, June 19, 1975

*Basloe, Basloe & Gallagher (Evalyn G. Basloe* of counsel), for appellants.

*McCormick, LaPan & Brooks (James E. LaPan* of counsel), for respondent.

GREENBLOTT, J. P. In January of 1971, Philena E. Girard opened two accounts with defendant Saranac Lake Federal Savings & Loan Association, depositing equal amounts in each of them initially and from time to time thereafter. She named her daughter, plaintiff Dorothy Ward, as beneficiary of one account, and her son, plaintiff Charles D. Girard, as beneficiary of the other, and for each account she executed a "Discretionary Revocable Trust", by which she gave the account to herself as trustee for the benefit of the named beneficiary, for the following uses and purposes:

"To withdraw and transfer the same in whole or in part and to exercise full control over the participation value thereof as though the account were held absolutely free and discharged of any trust, and without obligation on the part of the Association to look to the application of the fund.

"In the event of the death of the Trustee, the Association shall, if the beneficiary has attained the age of 60 years, transfer or pay the withdrawal value of the account to the beneficiary, free and discharged of any trust; and if at death of the Trustee named the beneficiary has not attained such age, the Association is authorized to name and appoint a suitable person or persons as successor Trustees to hold the account until the beneficiary has attained such age, at which time such successor Trustees will transfer and assign to the beneficiary the account, free and discharged of any trust. Such successor Trustees shall have the same powers and control over the account as the Trustee herein named."

Philena E. Girard died on January 11, 1974, leaving a last will and testament, dividing her property equally between the plaintiffs as sole legatees and naming them as coexecutors. Plaintiff Dorothy M. Ward is presently 52 years of age, and plaintiff Charles D. Girard is presently 48 years of age. Plaintiffs contend that they are entitled to judgment declaring said trusts to be illusory, wherefore they should be set aside, and directing defendant to pay the funds now on deposit, with accrued interest, to plaintiffs as executors and sole legatees of the estate of Philena E. Girard; in the alternative they seek a declaration that the accounts were "Totten" trusts, the purpose of which was satisfied and which became irrevocable upon Philena E. Girard's death, wherefore the funds should be payable to them as beneficiaries thereof.

The court at Special Term found that the trust instrument, purporting to give to an unnamed successor trustee the same powers and control over the account as were retained by decedent, imposed no valid duties and thus created a passive trust which by itself could not stand (EPTL 7-1.2; see *Jacoby v Jacoby,* 188 NY 124). We agree. "A direction simply that property is to be 'held' or 'used', or that [it] is to be 'held in trust', for a named person or persons, or that it is to be held until a named person attains a specified age, creates only a passive trust" (61 NY Jur., Trusts, § 42). In giving the successor trustee "full control over the [account, as though it] * * * were held absolutely free and discharged of any trust, and without obligation * * * to look to the application of the fund", the association was in effect given naked title to the account "with no active duties or obligations to perform in respect to the property" for the benefit of the beneficiaries. Such a trust must fail as passive (61 NY Jur., Trusts, § 42; see also *Burns v Turnbull,* 266 App Div 779). We further agree with Special Term that EPTL 11-1.1, which gives a fiduciary the powers set forth therein, cannot save the "trust" before us in light of the power given to the association to deal with the account in the same manner permitted to the decedent "as though the account were held absolutely free and discharged of any trust."

We are unable to agree, however, with the conclusion reached by Special Term that effect should be given to the intent of the decedent that the beneficiaries should not obtain full enjoyment of the funds until they reach age 60, wherefore Special Term directed that the funds be held by the executors until the age contingency, thereupon to be turned over to the beneficiaries, except that upon the death of a beneficiary prior to age 60, the fund would be distributed in accordance with the provisions in the will. If the instruments in question truly created Totten trusts, the gift to the beneficiaries would become irrevocable only at the instant of the creator's death *(Matter of Totten,* 179 NY 112, 125–26). During her lifetime Philena E. Girard retained absolute control over the accounts, including the right to fully withdraw all funds and thus terminate the "trust" *de facto;* there is not revealed any intention to create a present irrevocable trust which would continue before her death, and afterward upon an age contingency, for such an intention would have been inconsistent with the rights retained. Thus, since any attempt to create an

*inter vivos* trust failed, Special Term's conclusion, therefore, amounts to a determination that Philena E. Girard intended to create testamentary trusts of the funds in the accounts if the beneficiaries had not attained the stated age at the time of her death (see 61 NY Jur., Trusts, § 86). In order to create such a testamentary trust, however, the statutory requirements for execution and attestation must be satisfied (61 NY Jur., Trusts, § 111). Since there was no compliance with those requirements in the present case, no trust can be said to exist. The funds in the accounts must be turned over to plaintiffs in their capacities as coexecutors to be distributed as part of Philena E. Girard's residuary estate, and the judgment and order will be modified accordingly.

The order and judgment should be modified, on the law and the facts, by deleting the words "such executors hold" and "in trust for the plaintiff Dorothy M. Ward until she shall have attained the age of sixty (60) years, at which time said sum" from the third decretal paragraph; by deleting the words "such executors hold" and "in trust for the plaintiff Charles D. Girard until he shall have attained the age of sixty (60) years, at which time said sum" from the sixth decretal paragraph; by deleting the fifth, eighth and ninth decretal paragraphs in their entirety; and, as so modified, affirmed, without costs.

SWEENEY, KANE, MAIN and REYNOLDS, JJ., concur.

Order and judgment modified, on the law and the facts, by deleting the words "such executors hold" and "in trust for the plaintiff Dorothy M. Ward until she shall have attained the age of sixty (60) years, at which time said sum" from the third decretal paragraph; by deleting the words "such executors hold" and "in trust for the plaintiff Charles D. Girard until he shall have attained the age of sixty (60) years, at which time said sum" from the sixth decretal paragraph; by deleting the fifth, eighth and ninth decretal paragraphs in their entirety; and, as so modified, affirmed, without costs.