In the Matter of JULES STEIN, Deceased. ANTHONY MASTROI-ANNI et al., Appellants; GREATER BENEFICIAL UNION OF PITTSBURGH, Respondent.

Second Department, October 19, 1987

*Smyth, Lack & Novick (Schechter, Schechter & Kenney [Joel M. Markowitz]* of counsel), for Anthony Mastroianni, appellant.

*Vincent P. Di Stephan* for Mary Ann Leech, appellant.

*McCabe, Nicolini, Paradise & Cozzens (Seth D. Bykofsky, James D. Kehoe* and *Michael A. Fiechter* on the brief), for respondent.

**OPINION OF THE COURT**

SPATT, J.

The narrow issue presented on this appeal is purely a question of law which has not been previously addressed by any appellate court in this State. Does EPTL 13-3.3 (a) (1) require that a trust instrument be executed prior to the designation of a trustee as beneficiary of a life insurance policy as a prerequisite to that designated beneficiary's right to receive the proceeds of the life insurance policy? We hold that the 1976 amendment to the subject statute directs that the proceeds of a life insurance policy may be made payable to a trustee designated as beneficiary only if (1) the trustee has been named under a trust agreement in existence at the date of such designation, and (2) the trust agreement is identified in the beneficiary designation.

On September 1, 1978, Jules L. Stein (hereinafter the decedent) purchased a life insurance policy in the face amount of $550,000 from Greater Beneficial Union of Pittsburgh (hereinafter Greater Beneficial). On August 7, 1979, the decedent designated "James Hume as Trustee" as the beneficiary of the life insurance policy, and Greater Beneficial received that designation on August 13, 1979. Thereafter, on August 27, 1979, the decedent executed a trust instrument appointing Hume as trustee of any and all proceeds of the policy. In the event of Stein's death, the trust instrument directed Hume to use the proceeds as follows:

"In the event of my death, he is directed to collect the proceeds of this policy and satisfy all valid claims, against me, for unpaid debts. He is directed to use his sole discretion and judgement *[sic]* in establishing the validity of any such claims. Other than requirements of Law his judgment shall be absolute.

"After all claims have been satisfied, he is directed to pay any remaining proceeds, less expenses, to my estate".

The decedent died intestate on September 19, 1981, and Greater Beneficial received written notification of his death on September 30, 1981. Based on his designation of Hume as trustee-beneficiary and the trust instrument, Greater Beneficial paid Hume the sum of $516,718.58, representing the face value of the policy less outstanding loans.

Subsequently, on the application of one of the decedent's creditors, the Public Administrator of Suffolk County was appointed administrator of the estate and commenced a discovery proceeding against Hume and Greater Beneficial to recoup the proceeds of the life insurance policy for the estate. The parties later stipulated that the discovery proceeding would be held in abeyance pending the commencement of a formal accounting proceeding by Hume "delineating his actions with respect to the proceeds of the * * * policy". Hume then commenced a formal accounting proceeding, joining as parties the Public Administrator, Greater Beneficial, all the decedent's creditors and the beneficiaries of the estate.

Greater Beneficial then moved for summary judgment stating that it should not be a party to either the discovery or accounting proceeding because its payment of the total amount of the insurance proceeds to Hume, as trustee, relieved it of any further liability. Two claimant-objectants and the administrator opposed the motion by Greater Beneficial and contended that the insurer paid out the life insurance proceeds on an improper beneficiary designation in violation of EPTL 13-3.3, since the designation of Hume as beneficiary-trustee predated the execution of the trust agreement. Although its initial motion for summary judgment was denied, Greater Beneficial renewed its motion, and, upon renewal, Greater Beneficial was awarded summary judgment and was removed as a party to these proceedings.

The Surrogate construed EPTL 13-3.3 (a) (1) to provide that the decedent could properly and effectively designate Hume as a trustee beneficiary prior to the actual execution of the trust agreement. We disagree with this interpretation of the statute and therefore reverse the order insofar as appealed from by the Public Administrator and Leech.

Prior to 1976, EPTL 13-3.3 (a) provided that: "Life insurance may be made payable to a trustee to be named as beneficiary in the policy and the proceeds of such insurance shall be paid

to such trustee and be held and disposed of by him as *provided in a trust agreement made by the insured during his lifetime.* It shall not be necessary to the validity of any such trust agreement or declaration of trust that it have a trust corpus other than the right of the trustee to receive such insurance proceeds as beneficiary" (emphasis supplied).

In 1976 (L 1976, ch 626), the statute was amended so that EPTL 13-3.3 (a) (1) and (f) now provide that:

"(a) [t]he proceeds of * * * life * * * insurance policies * * * may be made payable to a trustee designated as beneficiary * * * and named as

"(1) Trustee under a trust agreement or declaration of trust *in existence at the date of such designation, and identified in such designation,* and such proceeds shall be paid to such trustee and be held and disposed of in accordance with the terms of such trust agreement or declaration of trust * * *

"(f) This section shall be construed as declaring the law as it existed prior to its enactment and not as modifying it." (Emphasis supplied.)

Here, in a factual context which occurred subsequent to the 1976 amendment, although the trust instrument postdated the designation of Hume as trustee-beneficiary of the life insurance policy, and the trust instrument was not identified in the designation, summary judgment was nevertheless granted to Greater Beneficial. This result impliedly approved the payment of the full amount of the policy proceeds to Hume as beneficiary. The Surrogate based his determination on amended EPTL 13-3.3 (f), which states that the "section shall be construed as declaring the law as it existed prior to its enactment and not as modifying it". The court reasoned that subdivision (f) required it to look back to the previous version of EPTL 13-3.3 (prior to its 1976 amendment), which provided in substance that the agreement designating the trustee may be made by the insured at any time "during his lifetime". In relying on EPTL 13-3.3 (f), the Surrogate held that by enacting the 1976 amendment, the Legislature did not intend to impose a requirement that a trust instrument predate the designation of the trustee as beneficiary as a prerequisite to the trustee's receipt of life insurance proceeds.

We find that this interpretation conflicts with several principles of statutory interpretation and, in fact, if carried to its

logical extreme, could render the 1976 amendment of EPTL 13-3.3 (a) (1) a nullity. When the Legislature amends a statute, it is presumed that the amendment was made to effect some purpose and make some change in the existing law (McKinney's Cons Laws of NY, Book 1, Statutes § 191). By enacting an amendment of a statute and changing the language thereof, the Legislature is deemed to have intended a material change in the law (McKinney's Cons Laws of NY, Book 1, Statutes § 193). Moreover, a statute will not be held to be a mere reenactment of a prior statute if any other reasonable interpretation is attainable (McKinney's Cons Laws of NY, Book 1, Statutes § 193 [a]; *see also, Matter of Society of N. Y. Hosp. v Del Vecchio,* 70 NY2d 634).

Greater Beneficial contends that subdivision (f) compels us to look at the prior law for the meaning of the present statute, and that under prior law, the present trustee-beneficiary designation would have been valid and enforceable. On the contrary, subdivision (f) cannot mean that the prior law supersedes the present amended statute. We find that the Legislature, in amending EPTL 13-3.3 (a) in 1976, clearly and expressly directed that a designation of a trustee as a beneficiary of life insurance proceeds must be preceded by a trust instrument which is identified in the designation. We further find that EPTL 13-3.3 (f) does not require a contrary result. Therefore, the designation of Hume as trustee-beneficiary was in violation of the statute and was invalid. Accordingly, the renewed motion by Greater Beneficial to dismiss any claims against it on the ground that it properly paid the proceeds of the insurance policy to Hume as named beneficiary, should be denied, partial summary judgment against the respondent on the issue of liability should be granted, and the matter is remitted to the Surrogate's Court, Suffolk County, for a determination on the issue of damages.

THOMPSON, J. P., BRACKEN and LAWRENCE, JJ., concur.

Ordered that the appeals by Stephen R. Taub, Walter Sullivan, Michael Bordebes and Donald R. Lee, are dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [f]); and it is further,

Ordered that the order is reversed insofar as appealed from

by Anthony Mastroianni and Mary Ann Leech, on the law, without costs or disbursements, the respondent's renewed motion is denied, partial summary judgment against the respondent is granted to the appellants on the issue of liability, and the matter is remitted to the Surrogate's Court, Suffolk County, for a determination on the issue of damages.