■ In the Matter of JULES L. STEIN, Deceased. ANTHONY MASTROIANNI et al., Respondents; GREATER BENEFICIAL UNION OF PITTSBURGH, Appellant.—In a proceeding to recover the proceeds of a life insurance policy from Greater Beneficial

Union of Pittsburgh and the respondent James Hume, the trustee of the policy, Greater Beneficial Union of Pittsburgh appeals from an order and judgment (one paper) of the Surrogate's Court, Suffolk County (Snellenburg, S.), dated March 4, 1988, which is in favor of the petitioner Anthony Mastroianni and against it in the sum of $801,097.82.

Ordered that the order and judgment is affirmed, with costs payable by the appellant to the estate, without prejudice to any claims that the appellant may be able to prove in an accounting proceeding with respect to policy proceeds used by the trustee Hume to pay debts owed to creditors of the estate.

In a prior decision and order *(see, Matter of Stein,* 131 AD2d 68) we found that James Hume as trustee improperly received the proceeds of an insurance policy from Greater Beneficial Union of Pittsburgh (hereinafter Beneficial), since Hume's designation as trustee violated the plain language of EPTL 13-3.3 (a) (1) *(see, Matter of Stein, supra,* at 72), granted partial summary judgment against Beneficial on the issue of its liability to the estate, and remitted the matter to the Surrogate's Court, Suffolk County, for a determination on the issue of damages *(see, Matter of Stein, supra,* at 72).

EPTL 13-3.3 (b) provides, in pertinent part: "(b) *If no qualified trustee claims such proceeds from the insurer or other payor within eighteen months after the death of the insured, employee or participant, or if satisfactory evidence is furnished to the insurer or other payor within such period showing that there is or will be no trustee to receive such proceeds, such proceeds shall be paid by the insurer or other payor to the personal representative* or assigns of the insured, employee or participant unless otherwise provided by agreement with the insurer or other payor during the lifetime of the insured, employee or participant" (emphasis added). Pursuant to this provision, Beneficial must pay Anthony Mastroianni, the administrator of the estate, the proceeds of the insurance policy plus interest pursuant to Insurance Law § 3214 from the date of the death of the deceased. Beneficial's contention that the issue of title requires a trial under SCPA 2104 (1) is without merit. Title clearly rests with Anthony Mastroianni *(see, Brewster v Gage,* 30 F2d 604). The Surrogate has the power pursuant to SCPA 2103 to order the delivery of property to Anthony Mastroianni *(see, Matter of Lalor,* 28 AD2d 66, 67; *see also,* EPTL 11-1.1 [b] [22]; [c]).

In the absence of any authority to the contrary, we find that the Surrogate acted properly in directing that Beneficial pay over the liquidated damages to Anthony Mastroianni in order

to allow him to perform his statutorily mandated fiduciary duties as administrator of the estate *(see,* EPTL 11-1.1 [b] [22]; [c]). We further note that this determination is without prejudice to any claims that Beneficial may be able to prove in an accounting proceeding with respect to policy proceeds used by the trustee Hume to pay debts owed to creditors of the estate. Mangano, J. P., Thompson, Eiber and Spatt, JJ., concur.