■ GARY LEVINE et al., Appellants, v SIMEON F. GROSS et al., Respondents.—Order of the Supreme Court, New York County (Francis Pecora, J.), entered June 5, 1990, which granted defendants' motion for summary judgment and dismissed the complaint pursuant to CPLR 3211 (a) (5) and 3212, and which denied plaintiffs' cross-motion for summary judgment, unanimously affirmed, without costs.

Defendant Elliot Gross was retained in June, 1984 by Dorothy Levine, as executrix of the estate of Albert M. Levine, to advise her with respect to the administration of her late husband's estate and the ownership and operation of various properties in which the estate had an interest. Plaintiffs Gary Levine, Vivian Levine and Lynn Levine ("the children") are the children of Dorothy Levine and the beneficiaries of a trust created by the estate of Dan and Ida Levine, their grandparents. In October 1984, the children consulted defendant Elliot Gross regarding their grandparents' estate and the properties in which the trust held an interest. One of these properties, known as "Kings Apartments", is the subject of this dispute.

A previous action was instituted in Nassau County by defendants herein to recover legal fees for services rendered. In that action, Dorothy Levine interposed counterclaims for negligence and malpractice, alleging that Elliot Gross ren-

dered improper advice regarding the selling price of the "Kings Apartments" property. It is clear that Dorothy Levine, having no legal or equitable interest in the property, was not the proper party in interest to maintain those counterclaims and that the children, who did possess such an interest, should have been joined as necessary parties to the action (CPLR 1001 [a]). In any event, Nassau County Supreme Court (Patricia Collins, J.) granted summary judgment dismissing the counterclaims on the merits, and attempts to appeal the ruling were unavailing *(Gross v Levine,* App Div, 2d Dept, Feb. 14, 1989, *lv denied* 74 NY2d 610, *rearg denied* 74 NY2d 945).

Recovery in the instant action is predicated on the alleged negligence and malpractice which formed the basis of the counterclaims previously dismissed in the Nassau County action. The order from which the present appeal is taken dismissed plaintiffs' claims on the ground of res judicata and on the merits.

Plaintiffs' contentions in this action do not differ materially from those advanced by Dorothy Levine in her counterclaim in the Nassau County action. The parties are not the same, however, and res judicata, in the strict sense of the term, is inapplicable except as to plaintiff Dorothy Levine *(Boorman v Deutsch,* 152 AD2d 48, 53-54). Moreover, it cannot be said that all of the children participated in the action to such an extent that they were afforded a fair and complete opportunity to contest the matter *(supra).*

As to the merits, the pleadings allege that, while plaintiffs were represented by Elliot Gross, they learned of the pending sale of the "Kings Apartments" property by their uncle, Lawrence Levine, the trustee appointed by the estate of their grandparents, for the sum of approximately $1.9 million. They further state that they were able to locate a second buyer who expressed a willingness to pay $2.1 million for the property, that the original buyer matched this figure and that the transaction was closed with the original buyer at that price. The basis for the complaint against defendant is that the buyer assigned the contract to a third-party for an immediate gain of $300,000. Plaintiffs contend that these allegations require the conclusion that defendant Elliot Gross gave them improper advice concerning the value of the property.

What plaintiffs' argument overlooks is that, according to their affidavit in support of the cross-motion, their interest in the property was sold not by them individually but by the trust of which the children are merely beneficiaries. The responsibility for disposition of the assets comprising the

corpus of the trust rests with the trustee. Moreover, it appears that, at the time of the sale, the sellers were represented by the law firm of Kaye, Scholer, Fierman, Hays & Handler and the individual interests of plaintiffs were represented by the firm of Milbank, Tweed, Hadley & McCloy. Plaintiffs supply no explanation for their reliance upon the advice rendered by defendant Elliot Gross rather than that available from other counsel. Finally, no independent appraisal of the subject property was obtained and, even assuming a basis for recovery against defendants, plaintiffs have not demonstrated how any damages are to be ascertained. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.