OPINION OF THE COURT
Lee L. Holzman, J.
In this proceeding, the administratrix of decedent’s estate, his surviving spouse, seeks a determination that 75% of the proceeds from a group life insurance policy on the life of decedent should be paid to decedent’s estate. Petitioner contends that the designation of beneficiaries as to this percentage of the proceeds is too ambiguous to ascertain decedent’s intent and that decedent’s attempt to create a trust for the benefit of his then three minor children must fail under EPTL 13-3.3 (a) (1) because of the absence of a "trust agreement or declaration of trust in existence at the date of such designation”. The most interesting question presented is whether the holding in Matter of Stein (131 AD2d 68, lv dismissed 72 NY2d 840) is controlling and mandates the granting of the relief requested.
Metropolitan Life Insurance Company, which issued the policy, paid 25% of the proceeds of the $100,000 face amount of the policy to petitioner, individually, filed an interpleader complaint in the United States District Court, Southern District of New York, with regard to the balance of the proceeds, and deposited $82,619.01 ($75,000 plus interest) with the clerk of that court. A consent order was entered in the interpleader action which provided, inter alla, that all issues relating to the distribution of the net proceeds of the policy shall be determined by this court.
The original of the designation of beneficiary form executed by the decedent on February 7, 1989 cannot be located. However, Metropolitan had in its files a photocopy of the form which, inclusive of deletions and an arrow, reads as follows:
[[Image here]]
One of the reasons that the designation creates problems is that decedent failed to follow the instruction that a separate *351 form was to be used if more than one primary beneficiary was to be designated. The task of ascertaining decedent’s intent is made more difficult because six names and the address of decedent’s mother were squeezed into four boxes which were meant to contain only the names and addresses of one primary and one contingent beneficiary and because of the lack of a witness who can testify that it was decedent who drew the arrow from the names of decedent’s then three infant children to the notation "50%” next to the name of decedent’s mother and crossed out the words "Contingent Beneficiary (Last, First, Middle Initial)” above the name of decedent’s mother.
Decedent was a doctor and not a lawyer. Although most lawyers would automatically place the name of the trustee immediately preceding the words "in trust for”, there is no reason why a layperson would be logically impelled one way or the other with regard to whether the name of the trustee should be placed before or after the names of the beneficiaries. There is a symmetry which makes sense in designating the beneficiaries of 50% of the proceeds in the first box and the beneficiaries of the remaining 50% of the proceeds in the second box. Furthermore, there was room next to the name of decedent’s adult daughter, Bonnie, in the top box to write the words "in trust for” if it was decedent’s intent that she should be designated as the trustee for her "half-siblings”. However, if decedent was in fact the person who drew the arrow from the names of his three children on the second box to the "50%” notation appearing in the third box next to the name of his mother, this is a road mark to decedent’s intent which clearly reflects that 50% of the proceeds should be shared by his then minor children and that the proceeds were to be held for their benefit until they attain their majority.
The court finds that the lay decedent intended that the proceeds should be paid as follows: 25% to his spouse, 25% to his adult daughter Bonnie, and 50% to his then three minor children with the proviso that, in the event that they were minors upon his death, his mother (or perhaps Bonnie inasmuch as she had been designated as both a beneficiary and the trustee for the benefit of the then minor children of the benefits payable under an income retirement plan) was to hold the proceeds until they attained their majority.
There remains the question of whether the holding in Matter of Stein (131 AD2d 68, supra) is controlling inasmuch as decedent expressed his intent by stating that the proceeds *352 should be held "in trust for” his three minor children. In Stein, where the designation of beneficiary form merely designated "James Hume as Trustee” as the beneficiary of the policy, the court held that his designation as trustee-beneficiary was in violation of EPTL 13-3.3 (a) (1) and was invalid because the trust instrument establishing the trust was not executed until 20 days after the execution of the designation of beneficiary form. Thus, in Stein, at the time that the designation of beneficiary form was executed there was no document in existence which provided who was to have the real beneficial interest in the insurance proceeds. All that was known at that time was that the trustee was to have legal title as the beneficiary of the proceeds for parties yet to be designated. Consequently, Stein would be controlling if decedent had merely designated his mother or adult daughter as trustee as the beneficiary of 50% of the proceeds on the designation of beneficiary form and thereafter created a trust providing that the trustee was to hold the funds for decedent’s infant children. However, here, unlike Stein, the designation of beneficiary form itself identifies decedent’s then three minor children as having the beneficial interest in the proceeds.
An analysis of the distinction between a beneficiary and a trustee as well as the obvious concern which led to the enactment of EPTL 13-3.3 (a) (1) leads to the conclusion that its applicability to the instant fact pattern is limited to precluding the payment of the proceeds to decedent’s mother or adult daughter to be held for the then minor children’s benefit but it does not preclude paying the funds outright to those three children if they have attained the age of 18 or to the duly appointed guardian of their property if they are under the age of 18. On a superficial level, designating a trustee as the beneficiary of life insurance proceeds is a contradiction in terms because by definition a trustee holds legal title to the trust corpus subject to the execution of the trust for the benefit of the beneficiaries who may enforce the terms of the trust should the trustee be guilty of a breach of fiduciary duty (EPTL 7-2.1 [a]). Consequently, when a trustee is designated as a beneficiary of insurance proceeds, the trustee is entitled to the legal title to the proceeds but the identities of those entitled to the beneficial interest are unknown without knowing the terms of the trust. This explains why EPTL 13-3.3 (a) (1) requires that a trust agreement or declaration be in existence when the designation form is executed. Absent this requirement, there would be uncer *353 tainty about the intended beneficiaries in those instances where "X as trustee” was designated as the beneficiary of the insurance proceeds and the insured thereafter created two or more trusts with X as the trustee or failed to execute any trust agreement prior to death. Moreover, even if only one subsequently executed trust agreement was found after decedent’s death, there would always be a question as to whether there were other trust agreements. It is clear that the purpose of the statute was not to preclude the insured from changing the persons entitled to a beneficial interest in the proceeds after the execution of the designation of beneficiary form because this can be accomplished either by executing a new designation of beneficiary form or by designating a testamentary trustee as the beneficiary of the insurance proceeds and executing a will after the execution of the beneficiary form (EPTL 13-3.3 [a] [2]).
The determination that the proceeds earmarked for decedent’s three children should be paid outright to the two who have now reached their majority and to the guardian of the property of the one child who is still a minor is in accord with the holding by Surrogate Lambert in Estate of Acquaah (NYLJ, Feb. 7, 1990, at 23, col 1) that the proceeds of a policy should be paid to the guardian of the property of decedent’s son where the designation of beneficiary form named decedent’s son as the sole beneficiary but also named her sister as trustee and directed that payments be made to the trustee while her son was a minor. In essence, Surrogate Lambert concluded that EPTL 13-3.3 (a) (1) precluded making the payments to the trustee for the benefit of the son where the trust was not in existence at the date the form was executed but that the statute did not preclude honoring decedent’s direction that her son be the true beneficiary of the proceeds. Thus, the provisions of EPTL 13-3.3 prohibit using the designation of beneficiary form as a substitute for the appointment of a guardian of the property for an infant but they do not deprive the infant from receiving insurance proceeds which are designated to be ultimately paid to the infant upon attaining majority and this is the case even though there has been an ineffective designation of a trustee (Turano, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 13-3.3, Pocket Part, at 128). Consequently, there is no need to determine whether the designation of beneficiary form designated decedent’s mother or adult daughter as the trustee.
*354 The construction applied by this and the Acquaah court is consistent with standard principles of the law of trusts. If the designation of beneficiary form identifies the trustee, identifies the beneficiaries and sets forth the duties of the trustee with respect to the proceeds, the form would appear to create a valid trust (1 Scott, Trusts § 2.3 [2d ed]) and permitting the trustee to take legal title to the proceeds would not run afoul of EPTL 13-3.3 (a) (1) because the declaration of trust would be in existence at the very date of the designation. On the other hand, if an instrument identifies who is to have the beneficial interest in the property and names a trustee to hold legal title but fails to provide any duties for the trustee, title to such a passive trust does not vest in the trustee but vests in the intended beneficiary (EPTL 7-1.2; Matter of Gagliardi, 55 NY2d 109; Ward v Saranac Lake Fed. Sav. & Loan Assn., 48 AD2d 337). The determination that the proceeds shall be paid directly to decedent’s children or the guardian of their property rather than to decedent’s mother or adult daughter to hold for them until majority is analogous to the rule that title does not vest in the trustee of a passive trust.
Accordingly, a decree may be settled providing that the 75% of the proceeds presently held by the clerk of the United States District Court, Southern District of New York, should be paid as follows: one third to decedent’s adult child Bonnie Stewart Wynn and the balance, in equal shares, to decedent’s now adult child Dodai, to decedent’s now adult child William and to the duly appointed guardian of the property of decedent’s still infant child Hollis. In the event that counsel for Metropolitan seeks legal fees payable from the proceeds of this policy, it is left to the court before which that application is made to determine the amount, if any, that counsel should receive at the expense of the beneficiaries considering that Metropolitan caused the instant construction problem to the extent that it accepted the designation of beneficiary form even though it did not comply with the instructions thereon and then lost the original form.