■ NORMAN ORENTREICH et al., Appellants, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Respondents. [713 NYS2d 330] —Order, Supreme Court, New York County (Barry Cozier, J.), entered November 13, 1998, which, in an action arising out of the purchase of certain life insurance policies, *inter alia*, granted defendants' motions to dismiss the complaint on the ground that plaintiffs lack standing to sue, unanimously affirmed, without costs.

The action was properly dismissed on the ground that since the policies in question are owned by a trust, only the trustee, who was not named as a plaintiff in that capacity, may seek their rescission or damages attributable to their issuance (*see,* Restatement [Second] of Trusts §§ 280-282). Plaintiffs' argument that the 1994 Trust was not validly formed because a complete trust agreement was never executed is not persuasive. An express trust may be created orally or in writing; no particular form of words is necessary, and it may arise by implication from the settlor's conduct (*see, Agudas Chasidei Chabad v Gourary*, 833 F2d 431, 434 [2d Cir]). All of the essential elements of a trust—a designated beneficiary, a designated trustee, a clearly identifiable res, and delivery of the res by the settlor to the trustee with the intent of vesting legal title in the trustee (*id.*, at 433-434)—have been demonstrated. All three policies were sold to Klar as trustee of the 1994 Trust and Klar acknowledged receiving them in his capacity as the trustee thereof; the applications identified the trust, its trustee, purpose and beneficiaries; the 1994 Trust paid premiums on all of the policies from a checking account in its name; Klar certified to defendants Prudential and Metlife that the 1994 Trust was formed as of December 15, 1994 and was authorized to purchase the insurance; defendant Massachusetts Mutual was provided with excerpts of the purported trust agreement, including Klar's acceptance of trusteeship on a page signed by the Orentreichs and Klar; and Klar identified himself as trustee of the 1994 Trust in correspondence seeking to cancel the poli-

cies. These circumstances clearly show more than mere intent to create a trust, and plaintiffs' alleged failure to complete a formal trust document does not invalidate the trust so created.

It would not avail plaintiffs even if a trust instrument had been executed prior to trustee Klar's designation as beneficiary of the life insurance policies. Such a circumstance would merely make it improper to pay the proceeds of the policy to Klar (EPTL 13-3.3 [b]; see, Matter of Stein, 131 AD2d 68, 69, lv dismissed 72 NY2d 840; Matter of Stein, 150 AD2d 700; Matter of Stewart, 158 Misc 2d 349); it would not invalidate the trust or its ownership of the policies.

Nor are we persuaded by plaintiffs' argument that their claims based on defendants' various fraudulent or negligent acts prior to the issuance of the policies are independent of the policies and 1994 Trust. The essence of plaintiffs' complaint is that because of defendants' wrongful advice, given to them before the formation of the 1994 Trust, the size of the Orentreichs' estate will not be as large as it otherwise would have been. Plaintiffs' claim is thus merely one to recover estate assets and, as such, is maintainable by the trustee, notwithstanding the fact that plaintiffs, as individuals, may have participated in the negotiations or received the wrongful advice (see, Wierdsma v Markwood Corp., 53 AD2d 581; Levine v Gross, 177 AD2d 290, 291-292). Indeed, all of the transactions and occurrences alleged have meaning only within the context of the creation of the 1994 Trust and purchase of the policies.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Lerner and Andrias, JJ.