In the Matter of DONN S. GROSS, Appellant, v AVERY J. GROSS, Respondent. [833 NYS2d 563]—

In a proceeding for a trust accounting, the petitioner appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated September 16, 2005, which granted the respondent's motion, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended petition for failure to state a cause of action and denied, as academic, the petitioner's cross motion for summary judgment and to transfer this proceeding to the Surrogate's Court pursuant to CPLR 325 (e).

Ordered that the order is affirmed, with costs.

The petitioner claims to be the beneficiary of a trust, the corpus of which is a 20% interest in a partnership. The trust was created in 1973 and is evidenced by a business certificate for partners and a 1976 successor business certificate for partners. These certificates name the respondent Avery J. Gross as trustee for Donn S. Gross. There is no other writing evidencing this trust. The petitioner brought this proceeding to compel the respondent to account as his trustee for his 20% interest in the partnership. The respondent moved to dismiss the amended petition for failure to state a cause of action, and the petitioner cross-moved for summary judgment and other relief. The

Supreme Court granted that branch of the motion which was to dismiss the amended petition for failure to state a cause of action for an accounting and denied the cross motion as academic. We affirm.

The petitioner correctly contends that an oral trust was sufficiently pleaded. The petitioner established the four elements essential for a valid trust: a designated beneficiary, a designated trustee, property sufficiently identified, and the delivery of the property to the trustee (*see Brown v Spohr*, 180 NY 201, 209 [1904]). However, this trust imposed no valid duties on the trustee, and thus it was a passive trust (*see Jacoby v Jacoby*, 188 NY 124, 129 [1907]; *Ward v Saranac Lake Fed. Sav. & Loan Assn.*, 48 AD2d 337, 339 [1975]). A passive trust creates no trust but vests title to the corpus directly in the beneficiary (*see Rawson v Lampman*, 5 NY 456 [1851]).

Accordingly, the petitioner is a 20% partner. As such, he could invoke the equitable remedy of a partnership accounting. But this remedy requires a demand for an accounting, as well as a refusal by the partner—here, the respondent—with the possession of the books and records of the partnership (*see Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.]*, 143 AD2d 726 [1988]). There is no allegation in the amended petition or in the petitioner's affidavit in support of his cross motion for summary judgment of a demand and a refusal (*cf. Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.], supra* at 726-727). Thus, the petitioner's amended petition, liberally construed in his favor (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 634 [1976]), failed to state a cause of action for the one type of accounting to which he would be entitled as a partner in his own right.

Since the amended petition failed to state a cause of action, we need not address the respondent's defenses, including his allegation that all other partners must be joined. Likewise, the Supreme Court correctly denied the petitioner's cross motion as academic. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.