SUN LIFE ASSURANCE COMPANY OF CANADA, Plaintiff,

v.

Deborah Ann GRUBER, Defendant–Cross–Claimant–Appellee,

Natalia Shvachko, Defendant–Cross–Claimant–Appellant,

Robert Kotick and Joel M. Kotick, Defendant–Cross–Defendants.

No. 08–0229–cv.

United States Court of Appeals, Second Circuit.

June 4, 2009.

Eve Rachel Markewich, Esq., Lawrence M. Rosenstock, Esq., Markewich and Rosenstock LLP, New York, NY, for Appellant.

Jonathan L. Hochman, Daniel E. Shaw, Schindler, Cohen & Hamilton LLP, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Circuit Judge, Hon. PAUL A. CROTTY,* District Judge.

### SUMMARY ORDER

This appeal arises from conflicting claims to decedent Charles Kotick's $1 million life insurance policy. Defendant–Cross–Claimant–Appellant Natalia Shvachko ("Shvachko"), the wife of the decedent, appeals from an order and judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*) granting summary judgment in favor of the decedent's daughter, Defendant–Cross–Claimant–Appellee Deborah Ann Gruber ("Gruber"). *Sun Life Assur. Co. of Canada (U.S.) v. Gruber,* No. 05 Civ. 10194, 2007 WL 4457771 (S.D.N.Y. Dec.17, 2007). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review the district court's summary judgment decision *de novo. Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir.2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

Three purported designations are at issue on this appeal. The first was made on June 26, 2002 and benefited the "Kotick Grandchildren Trust" (with Shvachko as a lifetime beneficiary); the second was made on March 11, 2005 and benefited Gruber (decedent's daughter); and the third consisted of a designation-of-beneficiary form signed in blank on March 14, 2005. Charles Kotick died on March 21, 2005.

The district court concluded that the first and third designations were invalid as a matter of law, and therefore awarded the policy proceeds to Gruber. On this appeal, Shvachko argues that the first and third designations were valid, and that summary judgment was inappropriate because genuine issues of material fact concerning the decedent's capacity and intent should have been reserved for the fact-finder. We shall address each designation in turn.

* The Honorable Paul A. Crotty, District Judge, United States District Court for the Southern District of New York, sitting by designation.

**[1]** Although the first designation was executed on June 26, 2002 and conferred the policy's proceeds to the "Kotick Grandchildren Trust IRREVOCABLY," the written instrument creating that trust was not executed until three months after the designation. Shvachko maintains, however, that a sufficient "oral trust" was in existence prior to the designation, and, in the alternative, that she is entitled to the proceeds under New York law. These arguments are not compelling.

Under New York law, a valid trust has four elements: (1) a designated beneficiary, (2) a designated trustee, (3) property sufficiently identified, and (4) the delivery of the property to the trustee. *See, e.g., Gross v. Gross,* 38 A.D.3d 893, 894, 833 N.Y.S.2d 563 (2d Dep't 2007) (citing *Brown v. Spohr,* 180 N.Y. 201, 209, 73 N.E. 14 (1904)). There was no evidence in this record that these requirements were met. The only evidence relevant to the trust's creation was the testimony of an attorney who had no recollection of the existence of the trust prior to September 2002. As the district court observed, if a valid trust had been created, "someone other than the purported beneficiary, and presumably the trustee, would have knowledge of its existence." *Sun Life,* 2007 WL 4457771, at *7.

Furthermore, the trust designation fails as a matter of New York law. Generally, proceeds of insurance policies are payable to a trust which is "in existence at the date of such designation...." N.Y. EPTL § 13–3.3; *see also Matter of Stein,* 131 A.D.2d 68, 71, 520 N.Y.S.2d 157 (2d Dep't 1987). New York case law relaxes that requirement *if* the decedent specifically identified the intended beneficiaries on the designation form and the decedent's intent is sufficiently clear on the face of the document. *See Estate of Stewart,* 158 Misc.2d 349, 351–54, 601 N.Y.S.2d 400 (N.Y.Sur.Ct.1993). The first designation is therefore invalid under New York law because the trust here was not in existence at the time of the first designation, and the designation is insufficiently clear to identify either the individual designees or the shares they are to receive: the phrase "Kotick Grandchildren" is undifferentiated, without apportionment, and in any event, does not include Shvachko.

The second designation occurred on March 11, 2005 and is valid on its face. Charles Kotick signed the form in the presence of his brother and at the time of execution, Deborah Gruber's name was listed in the space for the designation of the beneficiary.

In the district court, Shvachko challenged the second designation on the grounds of undue influence and lack of capacity. The district court rejected these arguments as waived, unfounded, and contrary to controlling New York law. *See Sun Life,* 2007 WL 4457771, at *11–15. On appeal, Shvachko abandons the argument that the second designation is invalid and instead seeks a declaration that it was superseded by the third. As such, we deem the arguments on the second designation waived and proceed to the third designation. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

**[3]** The third purported designation consisted of a blank beneficiary designation form, signed at the bottom on March 14, 2005. Shvachko argues that this document should govern because the form explicitly provides that "this designation supersedes all previous designations," and contains a default provision stating: "if no beneficiary designation for any benefit plan is in effect at the time of my death, my beneficiary will be my spouse...." In short, Shvachko argues that the act of signing the blank form caused the third

358

*form* to supersede the second *designation,* and that if the third form controls, then in the absence of a beneficiary designation, there was no benefit plan in effect at the time of Charles's death, and the insurance proceeds pass to her (the spouse) via the default provision.

This argument fails. The explicit terms of the designation form state that "this *designation* supersedes all previous *designations*" (emphasis added). But the form has a line for the designation, which was left blank. So there is no new designation to supersede the prior one. In sum, the second designation was valid, the third form (which was blank) failed to designate a new beneficiary, and no subsequent designation superseded the second; accordingly, the second designation stands.

Shvachko's final argument is that summary judgment was inappropriate because genuine factual issues remained as to Charles's intent when he signed the blank beneficiary designation form on March 14, 2005. However, because the third and final "designation" did not in fact name a new beneficiary, it was legally insufficient to disturb the valid March 11, 2005 designation. Since the instrument itself is legally insufficient, factual issues concerning the decedent's intent for the instrument are irrelevant. In an analogous case, *AMEX Assurance Co. v. Caripides,* 316 F.3d 154 (2d Cir.2003), this Court analyzed competing claims to two insurance policies in an interpleader action and ruled as follows: the "argument depends on a distortion of the literal meaning of designation; it reads a failure to designate as a designation." *Id.* at 160. The only distinction between this case and *AMEX* is that here, a prior valid designation is in existence. It is therefore clear that the blank form signed on March 14, 2005 (*i.e.,* a failure to designate) was not a legal "designation" and therefore insufficient to supersede the March 11, 2005 designation which was val-

id and in effect at the time of Charles's death. The insurance policy proceeds were properly awarded to Deborah Gruber under the second designation.

For the reasons stated above, we hereby **AFFIRM** the judgment of the district court.