■ TRIPLE CROWN AUTO, LTD., Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [650 NYS2d 27] —In an action to recover proceeds allegedly due under a policy of commercial property insurance, the defendant appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated September 14, 1995, as granted the branch of the plaintiff's motion which was for partial summary judgment on the issue of liability and dismissed the first and third affirmative defenses set forth in the answer, and (2) from an interlocutory judgment of the same court, dated October 20, 1995, entered thereon.

Ordered that the appeal from the order is dismissed as that order was superseded by the interlocutory judgment entered thereon; and it is further,

Ordered that the interlocutory judgment is reversed, so much of the order dated September 14, 1995, as granted the branch of the plaintiff's motion which was for partial summary judgment on the issue of liability and which dismissed the first and third affirmative defenses set forth in the answer is vacated, the first and third affirmative defenses are reinstated, the branch of the plaintiff's motion which was for partial summary judgment is denied, and the order dated September 14, 1995, is amended accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

The defendant Utica Mutual Insurance Company (hereinafter Utica Mutual) issued a policy of commercial property insurance to the plaintiff, a corporation engaged in automobile body repair business. Thereafter, the plaintiff's premises sustained damage in a fire and the plaintiff submitted a claim under the policy. Reports prepared by the Suffolk County Police Department and the Town of Brookhaven Fire Marshal characterized the fire as "arson" and "incendiary" in nature, respectively. Pursuant to the terms of the policy, the principals of the plaintiff submitted to examinations by Utica Mutual. The claim subsequently was rejected by Utica Mutual, and the plaintiff commenced this action. In the first affirmative defense set forth in its answer, Utica Mutual alleged that the fire was "set or caused to be set by the plaintiff". The third affirmative defense alleged that the plaintiff, through one of its principals, concealed information and refused to complete an examination required under the policy. The plaintiff moved, *inter alia,* for partial summary judgment on the issue of liability and to dismiss Utica Mutual's affirmative defenses as legally insufficient. The Supreme Court granted this relief and set the matter down for a damages inquest. Utica Mutual appeals from the award of partial summary judgment in favor of the plaintiff and from the dismissal of its first and third affirmative defenses. We reverse.

Contrary to the plaintiff's contention, Utica Mutual's first and third affirmative defenses are legally adequate and suffice to raise triable issues of fact warranting the denial of the request for partial summary judgment. The first defense, alleging deliberate arson, is amply supported by the police and fire investigation reports. Moreover, based on the limited disclosure conducted, some evidence of motive has been elicited. For example, certain bank statements in the record suggest that the plaintiff may have been in financial distress and its principals indicated during their examinations that they had been in the process of difficult negotiations regarding one

principal's buy-out of the other principal's interest in the business. Accordingly, the Supreme Court should have denied the plaintiff's motion since "[e]vidence of motive and incendiary origin without more is sufficient to defeat an insured's motion for summary judgment in an action on its fire insurance policy" *(R. C. S. Farmers Mkts. Corp. v Great Am. Ins. Co.,* 56 NY2d 918, 920; *see, Lott v Aetna Life & Cas. Co.,* 140 AD2d 859).

Additionally, Utica Mutual has raised an issue of fact regarding its defense of concealment or lack of cooperation by the plaintiff, since one of the plaintiff's principals repeatedly refused to answer questions regarding the nature and content of the buy-out negotiations. Contrary to the Supreme Court's finding, this avenue of inquiry was relevant to the issue of motive and therefore was proper. Moreover, Utica Mutual did not waive that defense. Therefore, the Supreme Court erred in dismissing that defense, also, and in simultaneously granting partial summary judgment to the plaintiff *(see generally, Ashline v Genessee Patrons Coop. Ins. Co.,* 224 AD2d 847; *Hanover Ins. Co. v DeMato,* 143 AD2d 807). Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.