■ Dominic J. Santilli, Appellant, et al., Plaintiff, v All-state Insurance Company, Respondent. [797 NYS2d 226]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered November 9, 2004. The order denied that part of the motion of plaintiff Dominic J. Santilli seeking to dismiss the second, sixth, seventh and eighth affirmative defenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In an action to recover indemnification for a fire loss under a homeowner's insurance policy, Dominic J. Santilli (plaintiff) appeals from an order that denied that part of his motion seeking to dismiss the second, sixth, seventh and eighth affirmative defenses raised in the answer of defendant, Allstate Insurance Company (Allstate). Plaintiff moved to dismiss the affirmative defenses pursuant to CPLR 3211 (b) and therefore bore the burden of establishing that the affirmative defenses were without merit as a matter of law (*see Pellegrino v Millard Fillmore Hosp.*, 140 AD2d 954, 955 [1988]). Plaintiff failed to meet his burden, and thus that part of the motion was properly denied (*see Connelly v Warner*, 248 AD2d 941, 943 [1998]; *Triple Crown Auto v Utica Mut. Ins. Co.*, 233 AD2d 436 [1996]).

We reject the contention of plaintiff that the affirmative defenses were barred by Insurance Law § 3404. Section 3404 (e) sets forth the form of the standard fire insurance policy of the State of New York, which contains a provision requiring "[t]he insured" to submit to examinations under oath, and plaintiff contends that his roommate is not an "insured" under the policy. In the affirmative defenses, Allstate alleges that plaintiff's roommate is an "additional insured" under the policy and that plaintiff, either personally or through the actions of his representatives, impeded Allstate's investigation of the claim. Consistent with the statute, a fire insurance policy may require that an insured cooperate with the insurer in the investigation of a fire (*see Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d 471, 473 [1981], *appeal dismissed* 54 NY2d 1027 [1981]; *see also Somerstein Caterers of Lawrence v Insurance Co. of State of Pa.*, 262 AD2d 252 [1999]; *Scher v Republic Ins. Co.*, 226 AD2d 521 [1996]). Defendant may therefore plead affirmative defenses asserting that plaintiff failed to cooperate by causing or contributing to his roommate's refusal to testify. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.