■ 534 EAST 11TH STREET HOUSING DEVELOPMENT FUND CORPORATION, Respondent, v PETER HENDRICK, Appellant. [935 NYS2d 23]—

On a motion to dismiss affirmative defenses pursuant to CPLR 3211 (b), the plaintiff bears the burden of demonstrating that the defenses are without merit as a matter of law (see e.g.

*Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]; *Santilli v Allstate Ins. Co.*, 19 AD3d 1031, 1032 [2005]). In deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed (*Warwick v Cruz*, 270 AD2d 255 [2000]). A defense should not be stricken where there are questions of fact requiring trial (*see e.g. Atlas Feather Corp. v Pine Top Ins. Co.*, 128 AD2d 578, 578-579 [1987]).

While not listed under the sections specifically titled for each defense, defendant pled factual allegations in the body of his answer sufficient to give notice of what he intends to prove under his defenses (*see LoPinto v Roldos*, 235 AD2d 233 [1997]).

Defendant also sufficiently pled a counterclaim for tortious interference with a business relationship. A claim for tortious interference with a prospective business relationship (i.e., an economic advantage) must allege: (1) the defendant's knowledge of a business relationship between the plaintiff and a third party; (2) the defendant's intentional interference with the relationship; (3) that the defendant acted by the use of wrongful means or with the sole purpose of malice; and (4) resulting injury to the business relationship (*see NBT Bancorp v Fleet/ Norstar Fin. Group*, 87 NY2d 614 [1996]; *Thome v Alexander & Louisa Calder Found.*, 70 AD3d 88 [2009], *lv denied* 15 NY3d 703 [2010]).

Here, defendant has pled that plaintiff, who knew defendant had a contract to sell his apartment, interfered with that relationship by refusing, in bad faith, to approve his buyer after defendant refused to take part in a fraudulent scheme to lower a buyer's tax burden so that the apartment could be purchased by a shareholder's son.

Plaintiff relies on the business judgment rule, which provides that so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith, courts will not substitute their judgment for the board's (*see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 538 [1990]). However, pre-discovery dismissal of pleadings in the name of the business judgment rule is inappropriate where those pleadings suggest that the directors did not act in good faith (*see Bryan v West 81 St. Owners Corp.*, 186 AD2d 514 [1992]).

However, the motion court correctly dismissed defendant's fourth counterclaim, seeking attorney's fees. As there is no allegation that either party was in default of any of the provisions of the proprietary lease, the defendant is not entitled to recover attorney's fees (*see Salvato v St. David's School*, 307 AD2d 812

[2003]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Sweeny and Román, JJ.