Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about October 23, 2013, which, in a derivative action, denied defendants’ motion to dismiss, unanimously affirmed, with costs.
Plaintiff sufficiently alleged with the requisite detail that defendant directors, who sit on the boards of both the defendant parent company, Northeast Community Bancorp, MHC, and its subsidiary, nominal defendant Northeast Community Bancorp, Inc., have a conflict of interest regarding plaintiff’s proposed transaction, based on, inter alia, their dual loyalties and self-interest (see generally Bansbach v Zinn, 1 NY3d 1, 11 [2003]; Marx v Akers, 88 NY2d 189, 200 [1996]). Contrary to defendants’ contention, self-interest is not limited to a direct financial interest. Affording the pleading the benefit of every favorable inference (see Simkin v Blank, 19 NY3d 46, 52 [2012]), it also sufficiently alleges that the directors breached their fiduciary duties of loyalty and due care and failed to act in good faith by either failing to adequately consider or to undertake plaintiffs demand to add disinterested directors to Northeast’s board or *519 engage in a two step conversion of its structure (see Auerbach v Bennett, 47 NY2d 619, 629-631 [1979]; 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]).
Plaintiff also sufficiently alleges that MHC, as Northeast’s majority shareholder, breached its fiduciary duty to the minority (see Alpert v 28 Williams St. Corp., 63 NY2d 557, 569 [1984]), and aided and abetted the directors’ alleged breach by knowingly providing substantial assistance in refusing to act when under a duty to do so (see Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]).
We have considered defendants’ remaining contentions and find them unavailing.
Concur — Acosta, J.P, DeGrasse, Richter, Manzanet-Daniels and Feinman, JJ.