Alpha Capital Anstalt v General Biotechnology Corp. (2021 NY Slip Op 00985)





Alpha Capital Anstalt v General Biotechnology Corp.


2021 NY Slip Op 00985


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 650918/19 Appeal No. 13123 Case No. 2020-03540 

[*1]Alpha Capital Anstalt, Plaintiff-Respondent,
v
General Biotechnology Corporation. et al., Defendants-Appellants. 2020-03540


Barket Epstein Kearon Aldea & Loturco, LLP, Garden City (Alexander R. Klein of counsel), for appellants.
Hoffner PLLC, New York (David S. Hoffner of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about May 28, 2020, which granted plaintiff's motion to strike defendant's eleventh affirmative defense alleging violation of public policy, unanimously affirmed, with costs.
When moving to dismiss an affirmative defense pursuant to CPLR 3211(b), "the plaintiff bears the heavy burden of showing that the defense is without merit as a matter of law" (Granite State Ins. Co. v Transatlantic Reins. Co., 132 AD3d 479, 481 [1st Dept 2015]). The allegations in the answer must be viewed in the light most favorable to the defendant (id.), and "the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]).
Defendants' eleventh affirmative defense, claiming that the note and contracts at issue in this case are void as against public policy, rests entirely on the fact that plaintiff was charged with violations of federal securities laws in an action brought by the Securities and Exchange Commission. That action charged plaintiff with a violation of federal securities law in connection with market manipulation or pump-and-dump schemes by other individuals and entities involving the stock of three other companies. Although plaintiff acknowledged wrongdoing in its settlement of the SEC action and paid a substantial fine, defendants fail to articulate a nexus between the conduct at issue in the SEC action and the note and guaranty at issue in this action. At most, defendants speculated in their opposition to the motion that plaintiff engaged in a similar pump-and-dump scheme involving their stock, noting highly unusual trading during a particular time period. Even viewing the pleadings, supplemented by defendants' submissions, in the light most favorable to defendants, defendants did not plead a public policy defense based on violation of federal securities laws with any specificity (see CPLR 3013, 3016).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021