Emigrant Bank v Rosabianca (2022 NY Slip Op 06548)

Emigrant Bank v Rosabianca

2022 NY Slip Op 06548

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 850136/14 Appeal No. 16695 Case No. 2022-00599 

[*1]Emigrant Bank, as Successor-by-Merger With Emigrant Savings Bank - Manhattan, Plaintiff-Respondent,
v
Luigi Rosabianca et al., Defendants, Secured Lending LLC, Defendant-Appellant.

The Law Offices of Mitchell Cantor, New York (Mitchell Cantor of counsel), for appellant.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 22, 2021, which, to the extent appealed from, granted plaintiff Emigrant Bank's motion to dismiss defendant Secured Lending LLC's first affirmative defense, unanimously reversed, on the law, with costs, and the motion denied.
"When moving to dismiss an affirmative defense pursuant to CPLR 3211(b), the plaintiff bears the heavy burden of showing that the defense is without merit as a matter of law (Alpha Capital Anstalt v General Biotechnology Corp., 191 AD3d 515, 515 [1st Dept 2021])." "The allegations in the answer must be viewed in the light most favorable to the defendant (id.), and the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (Pugh v New York City Hous. Auth., 159 AD3d 643, 643 [1st Dept 2018]). Secured's first affirmative defense to plaintiff's complaint, equitable subrogation, asserts: "[P]laintiff cannot demonstrate . . . that Defendant could have had actual or constructive notice of the facts alleged by Plaintiff. And as such Defendant's lien takes priority over Plaintiff's." That was sufficient to state a defense based on the priority of Secured's lien on the foreclosed property (see Tenzer, Greenblatt, Fallon & Kaplan v Ellenberg, 199 AD2d 45, 45 [1st Dept 1993]; Matter of Ideal Mut. Ins. Co., 140 AD2d 62, 67 [1st Dept 1988]).
"[T]he statute of limitations governs the commencement of an action, not the assertion of a defense" (CPLR 203[d]; Tauber v Village of Spring Val., 56 AD3d 660, 661 [2d Dept 2008]). Secured's participation in the foreclosure action, as well as the filing of a cross claim, counterclaim, affirmative defenses, and stipulation, put all parties with an interest in the property on notice that Secured was asserting a right to a priority lien on the Wall Street property (see Bennardo v Del Monte Caterers, Inc., 27 AD3d 503, 505 [2d Dept 2006]; see also NYCTL 1997-1 Trust v Stell, 184 AD3d 9, 17 [2d Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022