Lee Tai Enters. USA, Ltd. v Tal Dagan, M.D., P.C. (2022 NY Slip Op 06754)

Lee Tai Enters. USA, Ltd. v Tal Dagan, M.D., P.C.

2022 NY Slip Op 06754

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 154712/21 Appeal No. 16734 Case No. 2022-03378 

[*1]Lee Tai Enterprises USA, Ltd., Plaintiff-Respondent,
v
Tal Dagan, M.D., P.C., et al., Defendants-Appellants.

Max D. Leifer, P.C., New York (Max D. Leifer of counsel), for appellants.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Richard T. Walsh of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered July 19, 2022, which granted plaintiff's motion to strike defendants' affirmative defenses, dismiss the counterclaim, and for summary judgment on its claims in the complaint, unanimously affirmed, without costs.
Plaintiff established its entitlement to summary judgment on the cause of action for unpaid rent under the lease and guaranty by submitting the lease and a modification, the good-guy guaranty signed by defendant Tal Dagan in his individual capacity, and a rent ledger from 2011 through February 2022 showing that the tenant, defendant Tal Dagan, M.D., P.C., had been in arrears since 2013. Similarly, plaintiff established that the affirmative defenses were without merit, warranting striking of those defenses (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541 [1st Dept 2011]).
In opposition, defendants failed to raise triable issues of fact with respect to either its affirmative defenses or plaintiff's claim for unpaid rent under the lease and guaranty (see id.). Defendants' bare and conclusory assertions in their correspondence with plaintiff relating to a power surge in the building in January 2016 did not constitute an agreement to freeze the rent, nor do those assertions create an issue of fact as to defendants' liability under the lease and guaranty (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). To the extent the affirmative defenses rely on an allegedly illegal lockout resulting from a building closure beginning in March 2020, the lockout would not affect plaintiff's claim for unpaid rent, which was accumulating well before the pandemic.
Supreme Court also properly dismissed the counterclaim. With respect to defendants' contentions relating to the March 2020 building closure, defendants do not deny receipt of an email from building management on March 23, 2020 stating that the building would be open with reduced hours, contradicting their assertion that they were unable to access the building until June 5, 2020. As for the portion of the counterclaim relating to the damage caused by the power surge, plaintiff established that the counterclaim, asserted in May 2021, is untimely under CPLR 214(4), which provides a three-year statute of limitations for claims asserting injury to property. In any event, paragraph 48(C) of the rider to the lease provides that the tenant's recourse for any such failure or defect was to terminate the lease.
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022