**E.E. Cruz & Co., Inc. v Starr Surplus Lines Ins. Co.**

2024 NY Slip Op 32956(U)

August 20, 2024

Supreme Court, New York County

Docket Number: Index No. 652321/2020

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. EMILY MORALES-MINERVA</u>         PART         **42M**

*Justice*

------------------------------------------------------------------X

E.E. CRUZ & COMPANY, INC.,

               Plaintiff,

         - v -

STARR SURPLUS LINES INSURANCE COMPANY,

             Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652321/2020 |
| MOTION DATE | 05/07/2024 |
| MOTION SEQ. NO. | 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 008) 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224

were read on this motion to/for        <u>    DISMISS DEFENSE    </u>.

APPEARANCES:

    Saxe, Doernberger & Vita P.C., Trumbull, Connecticut (Stacy M. Manobianca, Esq., of counsel) for plaintiff.

    Foran Glennon Palandech Ponzi & Rudloff P.C., New York, New York (Charles J. Rocco, of counsel) for defendant.

HON. EMILY MORALES-MINERVA:

    In this action for, among other things, breach of contract, plaintiff E.E. CRUZ & COMPANY, INC., moves, pursuant to CPLR § 3211(b), to dismiss defendant STARR SURPLUS LINES INSURANCE COMPANY's fifth affirmative defense on the ground that a defense is not stated or has no merit.  Defendant opposes the motion, and cross-moves, pursuant to CPLR § 2215,[1] for an order of sanctions against plaintiff (see Rules of the Chief

---

[1]CPLR § 2215 provides for relief demanded by other than moving party.

652321/2020   E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES
Motion No. 008

Page 1 of 7

[* 1]

Administrator of the Courts [22 NYCRR] § 130-1.1 [governing costs and sanction for frivolous conduct]).

For the reasons set forth below, the court denies both plaintiff's motion and defendant's cross-motion.

BACKGROUND

Plaintiff E.E. CRUZ & COMPANY, INC. (Insured) filed a complaint, dated September 04, 2020, against defendant STARR SURPLUS LINES INSURANCE COMPANY (Insurance Company), setting forth five causes of action. The first cause of action is for a declaration that Insurance Company is required to provide insurance coverage to Insured for losses suffered in connection with the subject construction project; the second and third causes of action are for breach of contract and breach of the implied covenant of good faith and fair dealing; the fourth cause of action is for negligent misrepresentation; and the fifth cause of action is for deceptive business practices in violation of General Business Law § 349 (NYSCEF Doc. No. 04, Complaint). Insurance Company timely submitted its answer with affirmative defenses (NYSCEF Doc. No. 10, Answer).

Thereafter, on January 12, 2021, Insurance Company moved, pursuant to CPLR § 3211(a)(7), for an ordering dismissing the first, fourth, and fifth causes of action, and dismissing

652321/2020 E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES   Page 2 of 7
Motion No. 008

2 of 7

[* 2]

portions of the second and third causes of action,[2] alleging the pleading failed to state a claim (NYSCEF Doc. No. 13, notice of motion).

The court (N. Bannon, J.S.C.) denied Insurance Company's motion (seq. no. 001) in its entirety (NYSCEF Doc. No. 34, Decision and Order, dated October 12, 2021).[3] Later, Insurance Company filed motion (seq. no. 004), pursuant to CPLR § 3212, for an order, granting it summary judgment.

On February 7, 2024, the court (N. Bannon, J.S.C.) denied Insurance Company's motion for summary judgment in its entirety. Addressing each of the five causes of action, Judge N. Bannon concluded that Insurance Company failed to establish its *prima facie* entitlement to judgment as a matter of law on any of them (see NYSCEF Doc. No. 140, Decision and Order).[4]

Now, in the subject motion (seq. no. 008), Insured moves, pursuant to CPLR § 3211 (b), to dismiss Insurance Company's fifth affirmative defense -- that the subject insurance policy precludes Insured from receiving coverage for "loss, damage or expense caused by, resulting from or made worse by . . . fault,

---

[2] Insurance Company did not seek to dismiss the breach of contract portions of the second and third causes of action.

[3] Motion sequences 002 and 003 for admission of counsel *pro hac vice* were unopposed and granted on December 15, 2021, and April 26, 2022 (NYSCEF Doc. Nos. 41, 53).

[4] On March 8, 2024, Insurance Company moved, pursuant to CPLR § 2221, to reargue (seq. no. 005), which was summarily denied by the court (NYSCEF Doc. No. 161, Decision and Order, N. Bannon, J.S.C., April 8, 2024). On April 1, 2024, Insured moved for sanctions (seq. no. 006), which this Court denied in its entirety (NYSCEF Doc. No. 187, Decision and Order, April 29, 2024).

652321/2020   E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES                     Page 3 of 7
Motion No.  008

defect, error, deficiency or omission in design, plan or specification" (see NYSCEF Doc. No. 194, Policy, p 15). Insured contends that this defense is not stated or has no merit because Insurance Company "does not have any evidence that [insured] did anything wrong" and Insurance Company cannot prove "the fundamental element of 'fault'" under the Policy (see NYSCEF Doc. No. 224, Memorandum of Law, p 5).

Insurance Company counters that Insured's argument is misplaced, as the provision does not require "fault" on Insured's part. Further, Insurance Company argues that the applicability of the policy exclusion is a question of fact. Finally, Insurance Company cross-moves for sanctions against Insurer alleging its filing of the subject motion amounts to frivolous conduct (see Rules of the Chief Administrator of the Courts [22 NYCRR] § 130-1.1).

## ANALYSIS

*Motion to Dismiss*

"A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR § 3211 [b]). In making such a motion, "the plaintiff bears the heavy burden of showing that the defense is without merit as a matter of law" (Granite State Ins. Co. v

652321/2020 E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES
Motion No. 008

Page 4 of 7

Transatlantic Reins. Co., 132 AD3d 479, 481 [1st Dept 2015], citing 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 541 [1st Dept 2011]; see also Alpha Capital Anstalt v General Biotechnology Corp., 191 AD3d 515, 516 [1st Dept 2021]).

Further, courts must view the answer's allegations "in the light most favorable to the defendant" and must provide the defendant "the benefit of every reasonable intendment of the pleading, which is to be liberally construed (Alpha Capital Anstalt, 191 AD3d at 516 [citations omitted]; see also Granite State Ins. Co., 132 AD3d at 481; 182 Fifth Ave. v Design Dev. Concepts, 300 AD2d 198, 199 [1st Dept 2002]). In addition, "the court should not dismiss a defense where there remain questions of fact requiring a trial" (Granite State Ins. Co., 132 AD3d at 481).

Applying these principles here, Insured fails to meet its burden. The fifth affirmative defense is neither patently devoid of merit, nor palpably insufficient (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]]). Moreover, the arguments presented indicate issues of fact as to the applicability of the exclusionary clause in the insurance policy.

652321/2020   E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES                    Page 5 of 7
Motion No. 008

5 of 7

[* 5]

*Cross Motion for Sanctions*

"The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct . . ." (Rules of the Chief Administrator of the Courts [22 NYCRR] § 130-1.1 [a]; see also Gowen v Helly Nahmad Gallery, Inc., 226 AD3d 619, 619 [1st Dept 2024] [affirming denial of sanctions absent "clear abuse of discretion"]).

"Frivolous conduct" means conduct that is "completely without merit in law and cannot be supported by a reasonable argument . . . is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" or "asserts material factual statements that are false" (22 NYCRR § 130-1.1[c] [1-3]).

Here, Insurance Company's contention -- that Insured's motion to dismiss is "an attempt to circumvent the summary judgment deadline" -- does not make a showing of actions "so egregious as to constitute frivolous conduct" (Nugent v City of New York, 189 AD3d 631, 632 [1st Dept 2020] [internal quotation marks omitted]; see also Fishoff Family Found. v Frydman, 148 AD3d 601, 601 [1st Dept 2017]).

**652321/2020  E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES**
**Motion No.  008**

Page 6 of 7

[* 6]

Accordingly, it is

ORDERED that plaintiff E.E. CRUZ & COMPANY, INC.'s motion

to dismiss (seq. no. 008) the fifth affirmative defense of

defendant STARR SURPLUS LINES INSURANCE COMPANY is denied; and

it is further

ORDERED that the same defendant's cross-motion for

sanctions is also denied.


THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.


| 8/20/2024 | | | | *Emily Morales-Minerva* |
|---|---|---|---|---|
| **DATE** | | | | **EMILY MORALES-MINERVA, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652321/2020   E.E. CRUZ & COMPANY, INC. vs. STARR SURPLUS LINES          Page 7 of 7
Motion No.  008

7 of 7