Board of Mgrs. of 25 Prince St. Condominium v NYC Prince Holdings LLC (2024 NY Slip Op 06651)

Board of Mgrs. of 25 Prince St. Condominium v NYC Prince Holdings LLC

2024 NY Slip Op 06651

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 653646/23 Appeal No. 3359 Case No. 2024-05805 

[*1]The Board of Managers of 25 Prince Street Condominium etc. Appellant,
v
NYC Prince Holdings LLC, Respondent, OceanFirst Bank N.A, et al., Defendants.

Moulinos & Levinas PLLC, New York (Daniel Levinas of counsel), for appellant.
Price Law Firm, New York (Joshua C. Price of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.) entered September 4, 2024, which denied plaintiff's motion for (i) a preliminary injunction to compel defendant NYC Prince Holdings LLC to remove its personal property from the condominium basement storage area, (ii) summary judgment on its first, second, third, and sixth claims for foreclosure on its common charge lien against defendant's unit, breach of contract based on unpaid common charges, a declaration that the roof is a general common area, and attorneys' fees, and (iii) dismissal of defendant NYC Prince Holdings LLC's affirmative defenses and first counterclaim for declaratory relief, unanimously modified, on the law, to grant summary judgment to plaintiff on the first, second, third, and sixth claims, to declare "the roof of the building is a general common element for which defendant is responsible for its prorated share, including payment of assessments and common charges," and to dismiss defendant's affirmative defenses of waiver and estoppel, and otherwise affirmed, without costs.
The motion court properly denied that branch of the motion by plaintiff, a condominium board of managers, seeking preliminary injunctive relief compelling defendant- commercial unit owner to remove its personal property from the condominium's basement storage area at this pre-discovery stage of the action. "[A] mandatory preliminary injunction (one mandating specific conduct), by which the movant would receive some form of the ultimate relief sought as a final judgment, is granted only in unusual situations, where the granting of the relief is essential to maintain the status quo pending trial of the action" (Second on Second Cafe, Inc. v Hing Sing Trading, Inc., 66 AD3d 255, 264 [1st Dept 2009] [internal quotation marks omitted]).
As correctly indicated by plaintiff, [a]rticle fifth, section (b)(2), titled "Residential Limited Common Elements" stated, "The following portions of the common elements shall be limited common elements for the exclusive use of the owners of the Residential Units," and under subsection (e), "storage areas in the basement will be assigned to particular Unit Owners to be used by said Unit Owners." Thus, the Condominium's declaration designated the basement storage area as a residential common element.
However, plaintiff did not establish that granting the relief is essential to maintaining the status quo, as the record lacks evidence that the basement storage area has been assigned to any particular residential unit owner as per article fifth section (b)(2)(e) of the declaration. Thus, plaintiff did not establish that it would suffer irreparable harm since no evidence was presented that defendant-commercial unit owner's current usage of the basement storage area impedes any residential unit owner's usage of the same area.
Regarding plaintiff's motion for summary judgment on its claims to foreclose on the common charge lien, to obtain a money judgment for the unpaid common [*2]charges, together with attorneys' fees, and for a declaration that the roof of the building is a general common element for which defendant is responsible for its prorated share, this branch of the motion should have been granted. There is no dispute that plaintiff board established its prima facie entitlement to summary judgment on its first, second, and sixth claims for foreclosure and a money judgment for unpaid common charges in the amount of $8,483.42, plus reasonable attorneys' fees under article IX of the condominium bylaws, which defendant failed to oppose (Real Property Law §§ 339-z, 339-aa).
With respect to the third claim for declaratory relief, article fifth, section (a)(4) of the condominium's declaration expressly includes the roof as a common element, for which the board may impose assessments and common charges for its upkeep under article III, section 5(a)(1) of the bylaws, which defendant does not dispute. Accordingly, we grant summary judgment and declare, "the roof of the building is a general common element for which defendant is responsible for its prorated share, including payment of assessments and common charges."
The motion court should have dismissed defendant's affirmative defenses of waiver and estoppel under CPLR 3211(b) as barred by the no waiver provision in the declaration and insufficiently and conclusorily pleaded (see e.g. 170 W. Vil. Assoc. v G & E Realty, Inc., 56 AD3d 372, 372-373 [1st Dept 2008]). Although the defense of "documentary evidence" is also pleaded conclusorily, defendant's amended answer and opposition to the motion rely in significant part on the condominium declaration as its defense to plaintiff's claims relating to defendant's use of the basement, and therefore that defense is not so meritless as to warrant dismissal at this stage (see e.g. 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011] ["the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed"]). The motion to dismiss the first counterclaim under CPLR 3211 seeking declaratory relief relating to defendant's use of the basement storage area was properly denied. Dismissal of the counterclaim requires a showing that defendant was barred from using the area, which was not established on this record.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024