Shanghai Yongrun Inv. Mgt. Co. Ltd. v Kashi Galaxy Venture Capital Co., LTD. (2025 NY Slip Op 06296)

Shanghai Yongrun Inv. Mgt. Co. Ltd. v Kashi Galaxy Venture Capital Co., LTD.

2025 NY Slip Op 06296

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 156328/20|Appeal No. 4913|Case No. 2024-04460|

[*1]Shanghai Yongrun Investment Management Co. Ltd., Plaintiff-Respondent,
v
Kashi Galaxy Venture Capital Co., LTD., Defendant, Maodong Xu, Defendant-Appellant.

Law Offices of Bing Li, LLC, New York (Bing Li of counsel), for appellant.
DGW Kramer LLP, New York (Jacob Chen of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 17, 2024, which granted plaintiff's motion to dismiss defendant Maodong Xu's affirmative defenses for nonrecognition of the foreign judgment (the third and fourth affirmative defenses) and denied Xu's cross-motion to compel plaintiff to respond to discovery demands, unanimously modified, on the facts and in the exercise of discretion, to deny the motion to dismiss the third affirmative defense and to grant the cross-motion to compel discovery responses, and otherwise affirmed, without costs. Plaintiff obtained a foreign judgment against defendant for breach of contract in the Beijing No. 1 Intermediate People's Court in China. The breach of contract action was based on a repurchase agreement signed by Xu on August 2, 2017. Plaintiff commenced this Article 53 action seeking recognition and enforcement of that judgment. Xu's answer asserted affirmative defenses for nonrecognition of the judgment under CPLR 5304(b)(3) and (4), alleging that plaintiff's investment capital was mostly supported by Chinese state-owned enterprises and that, on August 2, 2017, plaintiff's principal and an agent of the Chinese government, the Deputy Chief of the First Bureau of the Ministry of Public Security of China, coerced him into signing the repurchase agreement by threatening him with immediate detention or arrest if he did not sign the agreement. Specifically, Xu alleged that, during a face-to-face meeting at Xu's office, the government agent told him that if he did not sign the agreement, the government agent "would take Xu away with him and the police car was waiting outside." Xu further alleged that he could not have raised the coercion during the subsequent Chinese proceedings because the duress and threat still existed during that period and that, as a result, the Chinese court entered judgment against him based on the repurchase agreement. 
Supreme Court improvidently exercised its discretion when it granted plaintiff's motion to dismiss Xu's third affirmative defense asserted under CPLR 5304(b)(3) (now enumerated as CPLR 5304[b][2]). That section, as applicable to this action (see L 2021, ch 127, § 10), provides that a court need not recognize a foreign country judgment that was "obtained by fraud." This affirmative defense requires a showing of extrinsic fraud, which is fraud that "has deprived [a party] of the opportunity to make a full and fair defense" (Altman v Altman, 150 AD2d 304, 306 [1st Dept 1989] [internal quotation marks omitted], lv denied 74 NY2d 612 [1989]; see also Chevron Corp. v Salazar, 2011 WL 7130825, *3 [SD NY 2011]). Xu's allegations, assuming their truth, are sufficient to allege that the judgment was obtained by extrinsic fraud (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011] ["In deciding a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed"]). Xu alleged that he reasonably believed that the government official's threat that induced him to sign the underlying agreement remained in effect during the Chinese judicial proceedings and would have been carried out had he raised this issue in those proceedings. Xu's fourth affirmative defense, asserted under CPLR 5304(b)(4) (now enumerated as CPLR 5304[b][3]), however, was properly dismissed. At the time Xu asserted the defense, CPLR 5304(b)(4) provided that a court need not recognize a foreign judgment "if the cause of action upon which it is based is repugnant to public policy of this state." The cause of action in the Chinese litigation — breach of contract — is not a cause of action repugnant to New York public policy (see CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 101 [1st Dept 2002], affd 100 NY2d 215 [2003]).
Finally, because we are reinstating Xu's third affirmative defense under CPLR 5304(b)(3), we also grant Xu's cross-motion to compel discovery related to that defense.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025