**Hassan Gen. Contr. Corp. v 224-30 Eighth Ave LLC**

2026 NY Slip Op 30765(U)

March 4, 2026

Supreme Court, New York County

Docket Number: Index No. 155910/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                                  PART                    **11M**

*Justice*

-------------------------------------------------------------------------------X

HASSAN GENERAL CONTRACTING CORP.,                    **INDEX NO.**           155910/2025

                                    Plaintiff,                                                                        02/03/2026,
                                                                                     **MOTION DATE**    02/03/2026

                            - v -                                                              **MOTION SEQ. NO.**    005 006

224 - 30 EIGHTH AVE LLC,SABET DEVELOPMENT
COMPANY, INC.,LEOR SABET, 312 W 21 STREET
LLC,CITI REAL ESTATE FUNDING INC.,JOHN DOE #1 TO
JOHN DOE #10, SAID JOHN DOE DEFENDANTS BEING
FICTITIOUS, IT BEING INTENDED TO NAME ALL OTHER            **DECISION + ORDER ON**
PARTIES WHO MAY HAVE LIENS FILED OR CLAIMS                         **MOTION**
AGAINST THE REAL PROPERTY SOUGHT TO BE
FORECLOSED

                                    Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 123, 124, 125, 126, 127, 128, 129, 130, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156

were read on this motion to/for                         DISMISS DEFENSE                         .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 131, 132, 133, 134, 135, 136, 137, 138, 139, 157, 158, 159, 160, 161, 162, 163

were read on this motion to/for                         JUDGMENT - SUMMARY                         .

Upon the foregoing documents, motion 005 is denied and motion 006 is denied.

**Background**

These motions arise out of a dispute over the payment of a contractor. Defendants are the owners of two buildings and other individuals and entities interested in the buildings. Plaintiff is a construction company that was hired in December of 2022 to perform certain improvements to the 8th Avenue building and again in November of 2023 to perform scaffolding and other repair work on the 21st Street building. According to Plaintiff, the work on the 8th Avenue building was fully performed and completed on March 13, 2025, and they performed fully under the agreement for the 21st Street building, but they have not been fully paid for either project.

Plaintiff also alleges to have sent invoices to Defendants that were accepted but remain unpaid. This underlying proceeding was brought in May of 2023, with Plaintiff pleading claims for breach of contract, quasi-contract, account stated, and mechanic's lien foreclosure. Defendants 224-30 Eight Ave LLC, Sabet Development Company, Inc., Leor Sabet, and 321 W 21 Street LLC (collectively, the "Owner Defendants") answered on June 17, 2025. The answer pleads five affirmative defenses and three counterclaims.

**Discussion**

In motion sequence 005, Plaintiff moves to dismiss the affirmative defenses and counterclaims pled in the Owner Defendant's answer. In motion sequence 006, Plaintiff moves for partial summary judgment on their account stated claim. Owner Defendants oppose both motions. For the reasons that follow, both motions are denied.

*Owner Defendants Have Adequately Pled Affirmative Defenses and Counterclaims*

Plaintiff moves to dismiss the affirmative defenses and counterclaims on the grounds that they are conclusory and lacking in factual allegations. The general rule is that bare legal conclusions are insufficient to validly plead an affirmative defense. *See, e.g., Robbins v. Growney*, 229 A.D.2d 356, 358 [1st Dept. 1996]. For a CPLR § 3211(b) motion to dismiss affirmative defenses, the plaintiff bears the burden of demonstrating a lack of merit and the "defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed." *534 E. 11th St. Hous. Dev. Fund Corp. v. Hendrick*, 90 A.D.3d 541, 541 [1st Dept. 2011]. Furthermore, factual allegations in the body of the answer suffice to give notice as to the theory behind the defenses. *Id.*, at 542.

Here, the Court finds that the affirmative defenses are sufficiently pled. For instance, the answer denies the allegation that the invoices at issue were received and the first affirmative

defense states that "Defendant [sic] have paid Plaintiff anything and everything to which Plaintiff was entitled." Other affirmative defenses allege that Plaintiff willfully exaggerated the amounts claimed under the lien, and that no consent was given by the Owner Defendants that would permit a lien to be placed on the property. While not overly detailed, the affirmative defenses and counterclaims in the answer are sufficiently pled.

*Plaintiff Has Not Established Prima Facie Entitlement to Summary Judgment on the Account Stated Claim*

Plaintiff also moves for summary judgment on the account stated claims in the fourth and eighth causes of action. These claims allege that Plaintiff had sent the Owner Defendants invoices related to work performed on both properties and that these invoices were retained without dispute. Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

The basis for an account stated claim can be either partial payment or a retention of bills without objection. *Jaffe v. Brown-Jaffe*, 98 A.D.3d 898, 899 [1st Dept. 2012]; *see also Bartning v. Bartning*, 16 A.D.3d 249, 250 [1st Dept. 2005] (holding that a claim for account stated "exists where a party to a contract receives bills or invoices and does not protest within a reasonable

time."). Here, Plaintiff has submitted an attorney affirmation and copies of the verified complaint and answer in support of their motion. They also submitted copies of invoices that had been attached as exhibits to the complaint. In opposition, the Owner Defendants argue that a failure to attach an affirmation from a person with knowledge defeats the motion. They also submit an affidavit from principal Leor Sabetfard stating that one of the invoices in question was never received, that the other invoices do not reflect the parties' discussions, and that he had protested the quality of work performed. The Owner Defendants also allege that there was no contract for the work at issue.

To the extent that Plaintiff argues that Mr. Sabetfard lied in his affidavit, such an allegation would require the Court to make a credibility determination that would be inappropriate at this juncture. *See, e.g., Wachtel v. Alan Joel Communications, Inc.*, 241 A.D.3d 1139, 1140 [1st Dept. 2025] (holding that conflicting accounts preclude summary judgment because "it is not a court's function on a motion for summary judgment to assess credibility"). Because here there conflicting allegations regarding whether the invoices in question were received and whether the amounts charged were objected to, it would be premature to grant summary judgment on the account stated claim. *See, e.g., Abbott, Duncan & Wiener v. Ragusa*, 214 A.D.2d 412, 413 [1st Dept. 1995] (holding that "[t]here can be no account stated where no account was presented or where any dispute about the account is shown to have existed."). Accordingly, it is hereby

ADJUDGED that the motions are denied.

20260304152054LFRANKC4C00745FE924E9B8DF2FA3A8876D708

3/4/2026
DATE

LYLE E. FRANK, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |

155910/2025   HASSAN GENERAL CONTRACTING CORP. vs. 224 - 30 EIGHTH AVE LLC ET AL          Page 4 of 5
Motion No.  005 006

[* 4]

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE