Kerway Realty LLC v Assembly Group LLC (2026 NY Slip Op 50282(U))

[*1]

Kerway Realty LLC v Assembly Group LLC

2026 NY Slip Op 50282(U)

Decided on March 9, 2026

Civil Court Of The City Of New York, New York County

Greenfield, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Civil Court of the City of New York, New York County

Kerway Realty LLC, Petitioner,

againstAssembly Group LLC AKA ASSEMBLY GROUP LLC, A DIVISION OF NORTH SIX LLC, 
 "ABC DOE", and "DEF DOE", Respondents.

Index No. LT-320372-25/NY

Allison R. Greenfield, J.

Recitation, as required by CPLR 2219(a), of the papers considered in review of this motion:
Papers   NumberedOrder to Show Cause / Notice of Motion 1Affidavits/Affirmations annexed 2, 3Answering Affidavits/Affirmations 5, 6Reply Affidavits/Affirmations 8Memoranda of Law 4, 7, 9OtherUpon the foregoing cited papers, petitioner's motion for summary judgment is granted for the following reasons:
Petitioner commenced this commercial landlord-tenant nonpayment summary proceeding, seeking possession of the premises located at 65 BLEECKER STREET, 10TH & 11TH FLOORS, New York, NY 10012 ("the Premises"), as well as a judgment for rental arrears, attorney's fees, and costs and disbursements from respondent ASSEMBLY GROUP LLC AKA ASSEMBLY GROUP LLC, A DIVISION OF NORTH SIX LLC ("respondent-tenant").
Pursuant to a lease dated November 1, 2024, petitioner rented the Premises to respondent-tenant. See NYSCEF Doc. No. 11. The lease was subsequently amended twice. See NYSCEF Doc. Nos. 12-13.
On November 7, 2025, petitioner served respondent-tenant with a Demand for the Payment of Rent. See NYSCEF Doc. No. 3. When respondent-tenant failed to pay its rental arrears, petitioner commenced the instant summary proceeding on December 3, 2025.
On January 7, 2026, respondent-tenant interposed an answer, asserting five affirmative defenses: (1) failure to state a claim upon which relief may be granted; (2) constructive eviction, impossibility, and frustration of purpose; (3) waiver and estoppel; (4) failure to mitigate; and (5) failure to account for setoff.
Petitioner now moves for summary judgment.
"[T]he proponent of a summary judgment motion must make prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." Alvarez v Prospect Hosp., 68 NY2d 320, 324 (1986) (citations omitted). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." Id. (citation omitted).
"In deciding a motion to dismiss a defense, the [respondent] is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed." 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 (1st Dept 2011) (citation omitted). Thus, a "defense should not be stricken where there are questions of fact requiring trial." Id. (citation omitted). Any affirmative defenses not argued for in opposition to petitioner's motion are constituted abandoned by respondent. See Ng v NYU Langone Med. Ctr., 157 AD3d 549 (1st Dept 2018); Josephson LLC v Column Fin., Inc., 94 AD3d 479 (1st Dept 2012).
Petitioner, by the affirmation of its managing agent, Larry Ellenberg, has demonstrated its prima facie entitlement to summary judgment. Petitioner established that it is the record owner of the Premises, that respondent-tenant failed to pay rent pursuant to the lease agreement, and that petitioner has served respondent-tenant with all predicate notices and the notice of petition and petition. Mr. Ellenberg has demonstrated that respondent-tenant owes rental arrears through January 2026 in the amount of $792,771.38. See NYSCEF Doc. No. 9.
Thus, the burden shifts to respondent-tenant to demonstrate the existence of a material issue of fact which would require a trial.
As an initial matter, the affirmation of Chris Van Noy, an authorized signatory for respondent-tenant, does not rebut petitioner's prima facie showing for nonpayment of rent, but merely asserts that "performance under the Lease, by both parties, has been rendered impossible." NYSCEF Doc. No. 25 at ¶ 32.
The crux of respondent-tenant's affirmative defenses arises out of allegations that petitioner has breached the covenant of quiet enjoyment by performing construction pursuant to the Façade Inspection & Safety Program, otherwise known as Local Law 11 of 1998 (hereafter "Local Law 11").[FN1]

Respondent-tenant argues that as it operates a post-production studio for film and television, quiet space is necessary for it to operate its business, and that petitioner's actions in permitting construction have frustrated the purpose of respondent-tenant's lease.
In support of its position, respondent-tenant cites to Section 23 of the lease, which provides:
Owner covenants and agrees with Tenant that upon Tenant paying the rent and additional rent and observing and performing all the terms, covenants and conditions, on Tenant's part to be observed and performed, Tenant may peaceably and quietly enjoy the premises hereby demised, subject, nevertheless, to the terms and conditions of this lease, including, but not limited to, Article 34 hereof and to the ground leases, underlying leases and mortgages hereinbefore mentioned.
NYSCEF Doc. No. 11 at ¶ 23.Respondent-tenant further asserts "Petitioner was fully aware of [respondent-tenant's] business model and [respondent-tenant's] need to deliver to its clients a reasonably quiet and controlled workspace" and that respondent-tenant "relied upon Petitioner's ability to ensure that the Premises was delivered in a reasonably quiet and peaceful condition." NYSCEF Doc. No. 25 at ¶¶ 33-34.
Petitioner asserts that respondent-tenant's position is without merit, relying on Section 20 of the lease, which provides, as here pertinent:
Owner shall have the right at any time without the same constituting an eviction and without incurring liability to Tenant therefor to change the arrangement and or location of public entrances, passageways, doors, doorways, corridors, elevators, stairs, toilets or other public parts of the building and to change the name, number or designation by which the building may be known. There shall be no allowance to Tenant for diminution of rental value and no liability on the part of Owner by reason of inconvenience, annoyance or injury to business arising from Owner or other Tenant making any repairs in the building or any such alterations, additions and improvements.NYSCEF Doc. No. 11 at ¶ 20.Petitioner further relies on Section 50 of the Rider to the lease, which provides:
Owner will not be liable for any change of condition in the Demised Premises caused by the compliance with the present or future laws, rules, orders, ordinances, requirements, or regulations of any Federal, State, County or Municipal authority or government, including any change required by law for off-street parking or similar legislation, or by revocation by any such authority or authorities of any permit or license heretofore granted, or by construction or operation of any public or quasi-public work, or by the erection of any building or buildings upon any adjacent property, or by change of environment. Owner will not be liable for interference with or loss of light or other incorporeal hereditaments caused by anybody other than Owner, or caused by or for the City of New York or any governmental or quasi-governmental agency or authority in connection with the construction of any public or quasi-public work.NYSCEF Doc. No. 11 at ¶ 50.The law is well settled that:
Lease interpretation is subject to the same rules of construction as are applicable to other [*2]agreements. The parties' intention should be determined from the language employed, and where the language is clear and unambiguous, interpretation is a matter of law to be determined solely by the court. In such circumstances resort cannot be had to extrinsic evidence to contradict the express terms of the writing. A contract must be interpreted in conjunction with the intent of the parties, and where the intention is unequivocally set forth in the agreement, the intent must be guided by the language used.
Matter of Wallace v 600 Partners Co., 205 AD2d 202, 205-06 (1st Dept 1994) (internal quotation marks and citations omitted), affd 86 NY2d 543 (1995). "A contractual provision that is clear on its face 'must be enforced according to the plain meaning of its terms.' This rule applies 'with even greater force in commercial contracts negotiated at arm's length by sophisticated, counseled businesspeople.'" Bank of NY Mellon v WMC Mtge., LLC, 136 AD3d 1, 6 (1st Dept 2015) (citations omitted), affd sub nom. Bank of New York Mellon v WMC Mortg., LLC, 28 NY3d 1039 (2016).
Here, the plain language of Section 50 of the Rider to the lease states that petitioner shall not be liable to respondent-tenant for any change of condition caused by petitioner's compliance with present or future laws. This unquestionably includes Local Law 11 work, which requires owners of New York City buildings to file periodic façade inspection reports and to correct any unsafe conditions every five years. Furthermore, Section 20 specifically excludes petitioner's liability for any "diminution of rental value" or "injury to [respondent-tenant's] business" arising out of petitioner's repair work; Section 20 further states that any repair work by petitioner shall not constitute constructive eviction.
Moreover, respondent-tenant was represented by counsel when the lease was negotiated and executed. See NYSCEF Doc. No. 11 at ¶ 53 (u). Accordingly, this Court is obliged to enforce the plain language of the contract, which expressly states petitioner may not be held liable for any damage to respondent-tenant's business arising out of mandated repair work.
Thus, respondent-tenant's affirmative defenses are hereby dismissed. As respondent-tenant has failed to rebut petitioner's prima facie demonstration of entitlement to summary judgment, petitioner's motion is hereby granted.
Accordingly, it is hereby
ORDERED that petitioner's motion for summary judgment is granted; and it is further
ORDERED that a judgment of possession and a warrant of execution shall be entered in favor of petitioner and against respondents, earliest execution date of the warrant is March 23, 2026; and it is further
ORDERED that the clerk is directed to enter a judgment in favor of petitioner and against respondent ASSEMBLY GROUP LLC AKA ASSEMBLY GROUP LLC, A DIVISION OF NORTH SIX LLC for rental arrears through January 2026, in the amount of $792,771.38; and it is further
ORDERED that petitioner's claims for additional monetary damages, including attorney's fees, are severed and dismissed without prejudice to petitioner bringing a plenary action for such relief; and it is further
ORDERED that petitioner shall serve a copy of this decision and order with notice of entry upon respondents within 7 days of the Court uploading to NYSCEF.
This constitutes the Decision and Order of the Court.
DATE March 9, 2026HON. ALLISON R. GREENFIELD

Footnotes

Footnote 1:On February 2, 2026, respondent-tenant initiated a plenary action against petitioner in Supreme Court, New York County under Index No. 650565/2026. Respondent-tenant moved for a temporary restraining order to stay this matter pending the disposition in Supreme Court, which was denied by the Hon. Judy H. Kim, who found that respondent-tenant "has failed to establish a likelihood of success on the merits." See Assembly Group LLC v Kerway Realty LLC, Index No. 650565/2026.